**Caroline Haggard FLORES, Santos M. Flores, M.D., S.M. Flores Medical Clinic, Inc. & Medical Lab, Appellants,**

v.

**BRIMEX LIMITED PARTNERSHIP, Appellee.**

No. 04–98–00958–CV.

Court of Appeals of Texas, San Antonio.

Oct. 6, 1999.

---

**2.** Rojas's Affidavit of Indigency gives both dates as the date of counsel's appointment.

*See Rojas*, 943 S.W.2d at 508.

Javier F. Oliva, Oliva, Saks & Garcia, L.L.P., San Antonio, Jeffrey D. Small, San Antonio, for Appellants.

Harry L. Munsinger, Heard Linebarger Graham Goggan Blair Pena Sampson, San Antonio, Michael G. Colvard, Martin, Drought & Torres, Inc., San Antonio, Mario A. Trevino, San Antonio, for Appellee.

Sitting: PHIL HARDBERGER, Chief Justice, TOM RICKHOFF, Justice, ALMA L. LÓPEZ, Justice.

## OPINION

Opinion by: PHIL HARDBERGER, Chief Justice.

This is a restricted appeal of a post-answer default judgment. The appellants, Caroline Haggard Flores, Santos M. Flores, M.D., S.M. Flores Medical Clinic, Inc. and Medical Lab ("Flores Defendants"), assert one issue in their brief, contending that the evidence was legally and factually insufficient to support the judgment. We hold that the evidence is legally insufficient and reverse the trial court's judgment as against the Flores Defendants. However, in the interest of justice, we remand the case to the trial court for further proceedings consistent with this opinion.

### PROCEDURAL HISTORY

In April of 1992, Communicare Health Care Agency, Inc. ("Communicare") and Health America Homecare S.A., Inc. ("Health America") were merged to form Health America Homecare S.A., Inc. ("Health America S.A."). At the time of the merger, Communicare Enterprises Limited ("Communicare Enterprises") was the sole shareholder of Communicare, and Caroline Haggard Flores ("Haggard") served as the president of Communicare Enterprises. Brimex Limited Partnership ("Brimex") was a shareholder of Health America. Communicare Enterprises and Brimex later became the sole shareholders of Health America S.A.

In September of 1992, Health America S.A. and Brimex filed suit against Communicare, Communicare Enterprises and Haggard, asserting causes of action for breach of contract, breach of fiduciary obligations, fraud and/or constructive fraud. Communicare, Communicare Enterprises, and Haggard originally answered by general denial and later amended their answer to add a counterclaim for failure of consideration. Sometime later, Health America S.A. and Brimex amended their petition to add additional defendants, including all of the Flores Defendants.

At the time of the default hearing, the Plaintiffs' Fifth Amended Original Petition was the live pleading. The petition asserts the same cause of action against Haggard and adds causes of action against Santos M Flores, S.M. Flores Medical Clinic, Inc. and Medical Lab for fraud, constructive fraud, conversion and tortious interference with a contractual right. The petition alleges that Communicare and Haggard breached their duties by failing to fulfill their portions of the terms of the merger agreement. In addition, the petition alleges that in June of 1992, Health America S.A. and Brimex discovered irregularities in certain Medicare compliance and billing practices of Communicare and Health America S.A.; however, Haggard failed to provide any information in response to their inquiries. The petition alleges that all of the Flores Defendants fraudulently diverted funds belonging to Health America S.A. to acquire and renovate real property. Finally, the petition alleges that the Flores Defendants, except Medical Lab, wrongfully assigned and/or transferred the patients and assets of Health America S.A. to form new home health care and management companies.

On May 18, 1998, a hearing was held to take a default judgment against various defendants, including all of the Flores De-

fendants. Carl Gamboa, an agent of Brimex, testified and identified the documents relating to the merger. Gamboa also identified a deposition given by Diana Jackson, who is the custodian of records at Frost National Bank. Gamboa stated that the documents attached to Jackson's deposition show that "the merged entity" converted and misappropriated $953,362.72, and Brimex has a fifty percent claim to those monies. Gamboa stated that Brimex suffered damages in the amount of $476,-681.86 as a result of this conversation and misappropriation, and Brimex was asking for a judgment in that amount, plus exemplary damages equal to four times actual damages, or $1,906,725.44.

Diana Jackson testified in her deposition with regard to six checks that were written by Health America S.A. payable to Amex Medical. The checks were endorsed "For Deposit Only" and deposited into an account held by Caroline Haggard Enterprises. The bank statements for Health America S.A. and Caroline Haggard Enterprises also show transfers to the Health America S.A. account from the Caroline Haggard Enterprises account and vice versa.

The initial judgments signed by the trial court recite that the Flores Defendants had not appeared to "answer" the claims against them. Presumably because the Flores Defendants had filed answers, this language was changed in a nunc pro tunc judgment to recite that the Flores Defendants did not appear to "contest" the claims. The nunc pro tunc judgment still recites, however, that all allegations of fact set forth in the petition were, as a matter of law, admitted against the defendants. The judgment also contains express findings that: (1) the Flores Defendants fraudulently converted and misappropriated $953,362.72; (2) the Flores Defendants fraudulently submitted false invoices in the name of AMEX Medical to the merged entity for payment; (3) Brimex suffered actual damages in the sum of $476,681.36; (4) the circumstances warranted an award

of $1,906,725.44 in punitive damages; and (5) the defendants wrongfully converted funds belonging to Brimex to purchase two and renovate three parcels of real property, making it appropriate to grant a constructive trust on the real property and impress liens against them. The judgment awarded damages and imposed a constructive trust and liens in accordance with these findings. The Flores Defendants challenged the judgment by restricted appeal.

## STANDARD OF REVIEW

A direct attack on a judgment by restricted appeal must: (1) be brought within six months after the trial court signs the judgment; (2) by a party to the suit; (3) who did not participate in the actual trial; and (4) the error complained of must be apparent on the face of the record. *See Norman Communications v. Texas Eastman Co.*, 955 S.W.2d 269, 270 (Tex.1997). The face of the record, for purposes of a restricted appeal, consists of all the papers on file in the appeal, including the reporter's record. *See id.* Legal and factual sufficiency claims are properly reviewable in a restricted appeal. *See id.* In this appeal, the sole challenge is to the legal and factual sufficiency of the evidence to support the trial court's judgment.

In reviewing a legal sufficiency point, we must consider only the evidence and reasonable inferences which tend to support the findings, disregarding all contrary evidence and inferences. *See Norman Communications, Inc. v. Texas Eastman Co.*, 978 S.W.2d 159, 160 (Tex.App.— Tyler 1998, no pet.); *Balogh v. Ramos*, 978 S.W.2d 696, 701 (Tex.App.—Corpus Christi 1998, pet. denied). We sustain a legal sufficiency challenge when the record discloses: (1) there is a complete absence of evidence of a vital fact; (2) the court is barred by rules of law or of evidence from giving weight to the only evidence offered to prove a vital fact; (3) the evidence offered to prove a vital fact is no more

than a mere scintilla; or (4) the evidence conclusively establishes the opposite of the vital fact. *Balogh,* 978 S.W.2d at 701. When reviewing for factual sufficiency, a reviewing court looks at all the evidence and determines whether the finding was so against the great weight and preponderance of the evidence as to be manifestly unjust. *Id.* at 702.

## DISCUSSION

■ The standards governing no-answer default judgments differ vastly from the standards governing post-answer default judgments. If a no-answer default judgment is entered, the non-answering party is deemed to have "admitted" the facts properly pled and the justice of the opponent's claim. *See Stoner v. Thompson,* 578 S.W.2d 679, 682 (Tex.1979). A post-answer default judgment constitutes neither an abandonment of the defendant's answer or an implied confession of any issues. *Id.* In a post-answer default judgment case, judgment cannot be entered on the pleadings, but the plaintiff in such a case must offer evidence and prove his case as in a judgment upon a trial. *Id.* Since the Flores Defendants filed answers, Brimex had the burden to prove both liability and damages by proving each element of its causes of action. *See Walker v. Kleiman,* 896 S.W.2d 413, 415 (Tex.App.— Houston [1st Dist.] 1995, no writ).

■ We initially note that the trial court's judgment incorrectly states that because the Flores Defendants failed to appear to contest the claims, all allegations of fact set forth in the petition are, as a matter of law, admitted and the Flores Defendants are not permitted to deny the claims asserted in the petition. This is the standard applicable in a no-answer default case. *See Stoner v. Thompson,* 578 S.W.2d at 682. Since each of the Flores Defendants had filed an answer before the default judgment hearing, this standard was not applicable, and the judgment recital is erroneous.

■ We also note that the trial court's judgment finds that the Flores Defendants fraudulently submitted false invoices in the name of AMEX Medical to the merged entity for payment. There is no evidence to support this finding. Our record supports the fact that Health America S.A. wrote checks to Amex Medical, which were deposited into an account held by Caroline Haggard Enterprises. However, there was no testimony that the checks paid to Amex Medical were based on false invoices. Gamboa testified that the checks and deposit slips documenting that checks written to Amex Medical were deposited into the Caroline Haggard Enterprises account showed the conversion and misappropriation of those funds. However, Gamboa never testified that the checks written to Amex Medical were unauthorized or were based on false invoices. Absent evidence that the checks written on the account of Health America S.A. were unauthorized, there is no evidence to support Brimex's claim that the funds were converted or misappropriated. *See Brownlee v. Brownlee,* 665 S.W.2d 111, 112 (Tex.1984) (conclusions must be supported by facts admissible in evidence). In addition, no testimony or documentation was introduced to support the claim that the converted funds were used to purchase and renovate real property. Gamboa does not even mention any real property in his testimony. The only testimony in the record with regard to Santos M. Flores, M.D. was Jackson's statement that she "thought" he had authority to sign on the Caroline Haggard Enterprises account. No mention is made with regard to S.M. Flores Medical Clinic, Inc. or Medical Lab in any document or testimony. *Cf. Grierson v. Parker Energy Partners 1984–I,* 737 S.W.2d 375, 378 (Tex.App.—Houston [14th Dist.] 1987, no writ) (holding evidence insufficient to support damages absent testimony that defendant participated in the misappropriation of property). The evidence was, therefore, legally insufficient to support the trial court's judgment, and the

trial court's judgment is reversed as to the Flores Defendants.

When a legal insufficiency point is sustained, the reviewing court generally renders judgment in favor of the party bringing the point of error. *Thorp v. Adair & Myers,* 809 S.W.2d 306, 308 (Tex. App.—Houston [14th Dist.] 1991, no writ). However, the case can be remanded when the interests of justice require a new trial for further development of the facts. *Id.; see also Holt Atherton Industries, Inc. v. Heine,* 835 S.W.2d 80, 86 (Tex.1992). We believe that in light of the procedural history of this case, the interests of justice are better served by remanding this case for further proceedings consistent with this opinion.