*Court of Appeals*
*Fourth Court of Appeals District of Texas*
*San Antonio*




# MEMORANDUM OPINION

No. 04-11-00808-CV

**EX PARTE** Casey Lee **RUIZ**

From the 45th Judicial District Court, Bexar County, Texas
Trial Court No. 2011-CI-00031
Honorable Barbara Hanson Nellermoe, Judge Presiding

Opinion by:    Catherine Stone, Chief Justice

Sitting:        Catherine Stone, Chief Justice
               Sandee Bryan Marion, Justice
               Marialyn Barnard, Justice

Delivered and Filed:  July 11, 2012

REVERSED AND REMANDED

The Texas Department of Public Safety filed this restricted appeal challenging the trial court's expunction order, asserting: (1) the trial court erred in ordering the expunction because Casey Lee Ruiz's placement on court-ordered community supervision with regard to the offense in question precluded the expunction; (2) the trial court erred in ordering an expunction at a hearing for which DPS did not receive notice; and (3) no reporter's record was made of the hearing. We reverse the trial court's order and remand the cause to the trial court for a new hearing.

**BACKGROUND**

Ruiz was arrested and charged with the offense of racing on the highway. Ruiz pled guilty to the offense and was placed on deferred adjudication community supervision for a period of six months. Ruiz subsequently filed a petition for the expunction of all records relating to the offense. DPS answered, asserting Ruiz was not entitled to an expunction because he had been placed on community supervision. The record contains no notice to DPS of the final hearing on Ruiz's petition, and no reporter's record was made of the hearing. The trial court signed an order granting the petition, and DPS filed this restricted appeal to challenge the trial court's order.

**DISCUSSION**

A party can prevail in a restricted appeal only if: (1) it filed notice of the restricted appeal within six months after the judgment was signed; (2) it was a party to the underlying lawsuit; (3) it did not participate in the hearing that resulted in the judgment complained of and did not timely file any postjudgment motions or requests for findings of fact and conclusions of law; and (4) error is apparent on the face of the record. *Ins. Co. of State of Penn. v. Lejeune*, 297 S.W.3d 254, 255 (Tex. 2009). For purposes of a restricted appeal, the face of the record consists of all papers on file in the appeal, including the reporter's record. *Norman Commc'ns v. Tex. Eastman Co.*, 955 S.W.2d 269, 270 (Tex. 1997); *Flores v. Brimex Ltd. P'ship*, 5 S.W.3d 816, 819 (Tex. App.—San Antonio 1999, no pet.). The absence of legally sufficient evidence to support a judgment is reviewable in a restricted appeal. *Norman Commc'ns*, 955 S.W.2d at 270; *Flores*, 5 S.W.3d at 819.

In this case, the record establishes that DPS timely filed a notice of restricted appeal, was a party to the underlying lawsuit, did not participate in the hearing that resulted in the trial court's order, and did not timely file any postjudgment motions or requests for findings of fact

and conclusions of law. Moreover, it is well-settled law that a person is not entitled to an expunction if the person was placed on "court ordered community supervision" under article 42.12 of the Texas Code of Criminal Procedure, including deferred adjudication community supervision. *Tex. Dept. of Pub. Safety v. Moran*, 949 S.W.2d 523, 527 (Tex. App.—San Antonio 1997, no writ); *see also Tex. Dept. of Pub. Safety v. Nail*, 305 S.W.3d 673, 683-84 (Tex. App.—Austin 2012, no pet.); *Tex. Dept. of Pub. Safety v. Jacobs*, 250 S.W.3d 209, 211 (Tex. App.—Dallas 2008, no pet.); *Tex. Dept. of Pub. Safety v. Fredricks*, 235 S.W.3d 275, 282 (Tex. App.—Corpus Christi 2007, no pet.). Although the attachments to DPS's affirmative defense and original answer indicate that Ruiz received deferred adjudication and court-ordered community supervision, this is a restricted appeal in which there is no reporter's record. Without a reporter's record, we cannot know what evidence, if any, was introduced at the hearing. *Tex. Dept. of Pub. Safety v. Cantu*, No. 04-01-00210-CV, 2002 WL 1021649, at *1 (Tex. App.—San Antonio May 22, 2002, no pet.). However, because DPS has complained of the absence of a reporter's record, the trial court's order must be reversed, and the cause must be remanded for a new hearing. *See Tex. Dept. of Pub. Safety v. Sowell*, No. 11-10-00918-CV, 2011 WL 2718146, at *1 n.1 (Tex. App.—Eastland June 30, 2011, no pet.) (mem. op.); *but see Tex. Dept. of Pub. Safety v. Cantu*, 2002 WL 1021649, at *1 (finding no error apparent on face of record where DPS complained of insufficient evidence in a restricted appeal but failed to complain of the lack of a reporter's record) (mem. op.).

## CONCLUSION

Because no reporter's record was made of the hearing resulting in the trial court's expunction order, the trial court's order is reversed, and the cause is remanded to the trial court for a new hearing.

Catherine Stone, Chief Justice