**Appeal Dismissed; Petition for Writ of Mandamus Denied and Memorandum Opinion filed December 4, 2012.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-12-00981-CV

---

## IN RE SAEXPLORATION, INC., JEFF HASTINGS, AND BRENT WHITELEY, Relators

---

## ORIGINAL PROCEEDING
## WRIT OF MANDAMUS

---

### NO. 14-12-01006-CV

---

## SAEXPLORATION INC., JEFF HASTINGS, AND BRENT WHITELEY, Appellants

## V.

## CGGVERITAS LAND (U.S.), INC., Appellee

### MEMORANDUM OPINION

On October 26, 2012, relators SAExploration, Inc. ("SAE"), Jeff Hastings, and Brent Whiteley filed a petition for writ of mandamus in this court. *See* Tex. Gov't Code Ann. §22.221; *see also* Tex. R. App. P. 52. The petition for writ of mandamus was assigned appellate cause number 14-11-00981-CV. On the same day, SAE, Hastings, and Whiteley filed a notice of appeal complaining of the same order. The appeal was docketed as cause number 14-12-01006-CV. Relators complain that the Honorable Steven Kirkland, presiding judge of the 215th District Court of Harris County, abused his discretion in signing an order disqualifying Whiteley.

SAE filed a motion to consolidate the appeal and the original proceeding. The real party in interest, CGGVeritas Land (U.S.), Inc. ("CGGV") filed a motion to dismiss the appeal. We grant the motion to consolidate and the motion to dismiss, and deny the petition for writ of mandamus.

### Factual and Procedural Background

SAE and CGGV are competitors that provide geophysical services and equipment to the oil and gas industry. On April 21, 2010, the parties entered into a confidentiality agreement to enable them to evaluate a potential business combination. The agreement was amended on April 27, 2010, to include a non-compete clause, which terminated one year "following the date of this Agreement." Members of the Strasburger & Price law firm drafted the agreement. Brent Whiteley, who is a lawyer, was an employee of CGGV

during this period of time until his employment was terminated in December 2010. On March 15, 2011, Whiteley began working for SAE as chief operating officer, chief financial officer, and general counsel.

On January 12, 2012, CGGV sued SAE alleging SAE breached the confidentiality agreement. On March 15, 2012, CGGV moved to disqualify Strasburger & Price and Whiteley on the grounds that they had a conflict of interest. With regard to Whiteley, CGGV argued that, "[i]n his role as an attorney for CGGVeritas, Whiteley was exposed to and obtained CGGVeritas's confidential and proprietary information. He was also involved directly with the SAE transaction and the negotiation of the confidentiality agreement." In its response to the motion to disqualify Whiteley, SAE argued that Whiteley had not undertaken to represent SAE in the suit, and his prior employment with CGGV did not disqualify him as in-house counsel for SAE.

At the hearing on the motion to disqualify, CGGV's attorney represented that he thought the parties would be able to reach an agreement limiting Whiteley's involvement in the case. At the conclusion of the hearing, the trial court orally pronounced that the motion to disqualify was granted as to Strasburger & Price. When one of the attorneys asked about Whiteley, the court responded, "Mr. Whiteley is to construct a Chinese wall. He can continue working where he's working but he is not to have anything to do with this case." On May 4, 2012, the court signed a written order disqualifying Strasburger & Price from the case.

On August 16, 2012, CGGV filed a "Motion to Enforce Order and Request for Accompanying Relief." The motion recited that on May 4, 2012, the court disqualified Strasburger & Price and ruled that a "Chinese Wall" was to be constructed by SAE around Whiteley. The motion stated that, contrary to the court's order, Whiteley was acting as SAE's corporate representative and was directly interacting with lawyers at Crain, Caton & James, SAE's new law firm. CGGV sought enforcement of the court's

prior "Chinese Wall" order and sought disqualification of Crain, Caton & James. CGGV also asked the court to enforce the "Chinese Wall" around Whiteley and prohibit him from all further contact with SAE aside from serving as a fact witness. In SAE's response, it alleged that Whiteley is not trial counsel and did not obtain or keep any CGGV documents, and that CGGV has shown no actual prejudice. In an affidavit signed August 20, 2012, Whiteley averred that his full communication with SAE's counsel is vital to SAE's defense.

After a brief hearing, the trial court signed an order on October 8, 2012, entitled "Order Disqualifying Brent Whiteley." The order stated:

> Whiteley is a former employee and former attorney for CGGVeritas Land (US.), Inc. ("CGGVeritas") and is now employed by SAExploration, Inc. ("SAE") as, among other responsibilities, an attorney for that company. Because of this potential conflict of interest and based on Mr. Whiteley's representations to the Court through his affidavit, the Court ORDERS that Mr. Whiteley and SAE immediately construct a "Chinese Wall" around Mr. Whiteley, and further that Mr. Whiteley shall not be actively involved as counsel in this litigation; shall not serve as litigation counsel in either matter; shall not be involved in the day-to-day management of the cases; shall not make any substantive or strategic decisions with regard to the pending litigation or the arbitration; shall not speak or consult with SAE employees or representatives, or outside counsel for SAE, about these cases or developments in these cases; shall not disclose to SAE employees or representatives, or outside counsel for SAE, any potentially confidential or privileged information obtained during his employment with CGGVeritas; and shall not review any documents or information related to this case except as may be necessary to testify as a fact witness.

> Nothing in this Order precludes Mr. Whiteley from testifying as a fact witness in this case.

On October 26, 2012, SAE filed this petition for writ of mandamus complaining of the trial court's order on the following grounds: (1) disqualification standards do not apply, (2) the trial court's order actually constitutes an injunction, (3) absent

disqualification, no irrebuttable presumption applies, (4) CGGV has shown no prejudice, but SAE has, and (5) even if disqualification standards apply to Whiteley, the trial court erred in disqualifying him.

## Mandamus Standard

Mandamus is appropriate to correct a trial court's abuse of discretion in denying a motion to disqualify counsel because there is no adequate remedy by appeal. *See In re Guar. Ins. Servs.,* 343 S.W.3d 130, 132 (Tex. 2011) (orig. proceeding). With respect to the resolution of factual issues or matters committed to the trial court's discretion, we may not substitute our judgment for that of the trial court unless the relator establishes that the trial court could reasonably have reached only one decision and that the trial court's decision is arbitrary and unreasonable. *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992) (orig. proceeding).

## Disqualification

SAE first contends that disqualification standards do not apply here because Whiteley is a party employee of SAE rather than a lawyer representing SAE as retained, outside counsel. We reject this contention because Whiteley's role as a party employee does not foreclose application of disqualification standards; instead, his role as a party employee implicates disqualification standards that differ from those applicable to retained, outside counsel.

Texas conflict-of-interest jurisprudence distinguishes between lawyers and non-lawyers; their duties; and their likelihood of contact with confidential information. *In re Guar. Ins. Servs., Inc.*, 343 S.W.3d at 133.

The supreme court has held that a lawyer who previously has represented a client may not represent another person on a matter adverse to the client if the matters are the same or substantially related. *In re Columbia Valley Healthcare System, L.P.*, 320

5

S.W.3d 819, 824 (Tex. 2010) (orig. proceeding) (citing *Phoenix Founders, Inc. v. Marshall,* 887 S.W.2d 831, 833 (Tex. 1994) (orig. proceeding); *NCNB Texas Nat'l Bank v Coker*, 765 S.W.2d 398, 399–400 (Tex. 1989) (orig. proceeding); Tex. Disciplinary R. Prof'l Conduct 1.09(a), *reprinted* in Tex. Gov't Code, tit. 2, subtit.G, app. A, (State Bar. R art. X, § 9)). If the lawyer works on a matter, there is an irrebuttable presumption that the lawyer obtained confidential information during the representation. *Phoenix Founders, Inc.* , 887 S.W.2d at 833. "When the lawyer moves to another firm, and the second firm represents an opposing party to the lawyer's former client, a second *irrebuttable* presumption arises—that the lawyer has *shared* the client's confidences with members of the second firm." *In re Guar. Ins. Servs., Inc.*, 343 S.W.3d at 134 (original emphasis) (citing *Phoenix Founders*, *Inc.,* 887 S.W.2d at 834). "The effect of this second presumption is the mandatory disqualification of the second firm." *Id.* (citing *Phoenix Founders, Inc.*, 887 S.W.2d at 833–34).

A different rule applies to nonlawyers. A nonlawyer who worked on a matter during prior employment also is subject to a conclusive presumption that confidences were obtained. *In re Am. Home Prods. Corp.*, 985 S.W.2d 68, 74 (Tex. 1998) (orig. proceeding); *Phoenix Founders, Inc.*, 887 S.W.2d at 834. However, the second presumption—that confidences were shared with members of the second firm—may be rebutted when nonlawyers are at issue. *Phoenix Founders, Inc.*, 887 S.W.2d at 835.

Although Whiteley is an attorney, he is not participating in this case as retained, outside counsel. Whiteley wears multiple corporate hats as SAE's general counsel, chief operating officer, and chief financial officer.

We agree with relators that "[d]isqualification under the Texas Disciplinary Rules, specifically Rule 1.09, does not apply to a party employee" such as Whiteley. *See* Tex. Disc. R. Prof. Conduct 1.09 & cmt. 1 ("Rule 1.09 addresses the circumstances in which a lawyer in private practice, and other lawyers who were, are or become members of or

6

associated with a firm in which that lawyer practiced or practices, may represent a client against a former client of that lawyer or the lawyer's former firm."). We disagree with relators' accompanying suggestion that no disqualification standard applies to Whiteley in the absence of Rule 1.09. We conclude that the disqualification standard applicable to nonlawyers also applies here in light of Whiteley's multiple corporate roles at SAE. Under the applicable standard, there is a conclusive presumption that Whiteley obtained confidential information while working on a substantially related matter for CGGV. SAE may rebut the presumption that Whiteley shared those confidences with his new employer.

To rebut the presumption and avoid disqualification, a party must show that (1) the employee was cautioned not to disclose any confidences; (2) the employee was instructed not to work on any matter that he previously worked on for the other side; and (3) the new employer has taken reasonable steps to ensure that the employee will not work in connection with such matters. *American Home Prods*., 985 S.W.2d at 75; *Phoenix Founders*, *Inc.* 887 S.W.2d at 835. In other words, a Chinese Wall must be constructed around the employee. *See Phoenix Founders*, *Inc.* 887 S.W.2d at 835.

SAE made Whiteley its corporate representative and sole client contact with counsel. Whiteley worked for CGGV when the confidential agreement was drafted. According to SAE's petition, Whiteley "communicated with [SAE's outside counsel], participated in the discovery process, and generally served as a liaison or corporate representative for SAE" after the May 4 hearing. Whiteley averred in his affidavit that his full communication with SAE's counsel is vital to SAE's defense. Therefore, the record reflects that Whiteley has worked on the litigation at issue in cooperation with SAE's outside counsel. The record further reflects that SAE's outside counsel knew Whiteley worked at CGGV at the time the agreement was drafted. By his own admission, Whiteley was intimately involved in SAE's litigation defense.

7

The presumption that Whiteley shared confidential information is rebuttable; on this record, SAE failed to rebut it. Therefore, the trial court did not abuse its discretion in granting CGGV's motion to disqualify Whiteley.

## Prejudice

SAE argues that CGGV is not entitled to disqualify Whiteley because it failed to show that Whiteley's continued participation in the litigation on behalf of SAE would prejudice CGGV.

Citing *In re Meador*, 968 S.W.2d 346, 350 (Tex. 1998) (orig. proceeding), SAE argues that a court should not disqualify a lawyer for a disciplinary violation that has not resulted in actual prejudice to the party seeking disqualification. In *Meador*, the supreme court addressed whether a lawyer who obtained privileged information through the discovery process should be subject to disqualification. *Id.* at 350–51. The court determined that the trial court must consider all the facts and circumstances to determine whether the interests of justice require disqualification. *Id.* at 351. The court listed six factors to be considered including "the extent to which the nonmovant will suffer prejudice from the disqualification of his or her attorney." *Id.* at 352.

*Meador* emphasized that the factors apply "only when a lawyer receives an opponent's privileged materials outside the normal course of discovery." *Id.* The court specifically rejected a bright-line rule such as the one laid out in *Phoenix Founders*. *Meador*, 968 S.W.2d at 353–54. The court determined that the rule set out in *Phoenix Founders* does not extend to the facts of *Meador*. *Id.*

The facts and circumstances in this case do not address receipt of an opponent's privileged materials; rather, the issue here is preventing disclosure of confidential information. In a case such as this, as discussed earlier, no showing of prejudice is required because the facts raise a presumption of shared confidences. *See American*

8

*Home Prods.*, 985 S.W.2d at 74; *In re Guar. Ins.*, 343 S.W.3d at 135. The facts of this case implicate the bright-line rule of *Phoenix Founders* rather than *Meador*'s prejudice requirement. Therefore, CGGV was not required to show it would be prejudiced by Whiteley's continued participation in the litigation.

## Injunction

SAE next contends that, under the guise of disqualification, CGGV effectively sought and obtained permanent injunctive relief without pleadings, notice, hearing, or proof to support such relief. SAE contends that the trial court's order disqualifying Whiteley is, in reality, an injunction prohibiting Whiteley from performing his job at SAE. Because SAE contends the order grants injunctive relief, SAE also filed an interlocutory appeal from the same order it challenged on mandamus.

In part, SAE's injunction characterization is an extension of the already-rejected contention that disqualification standards do not apply to Whiteley. We likewise reject SAE's argument that the trial court's order operates as an injunction. Nothing in the trial court's order prohibits Whiteley from performing his duties for SAE as long as he refrains from communicating with outside counsel for SAE in this lawsuit. The order permits communication to the extent necessary to prepare Whiteley as a fact witness; however, the trial court's order does not prohibit Whiteley from competing with CGGV, as SAE argues. Whiteley can perform his other job duties at SAE; the order does not prevent him from performing those job duties or from participating as a fact witness in this litigation.

Generally, we have jurisdiction only over appeals from final judgments, that is, judgments that dispose of all pending parties and claims in the record. *See Lehmann v. Har–Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). Interlocutory orders may be appealed only if permitted by statute. *Bally Total Fitness Corp. v. Jackson*, 53 S.W.3d 352, 352

9

(Tex. 2001); *Jack B. Anglin Co., Inc. v. Tipps*, 842 S.W.2d 266, 272 (Tex. 1992) (orig. proceeding). Interlocutory appeal of a disqualification order is not permitted by statute; SAE's remedy is mandamus. *See In re Guar. Ins. Servs.,* 343 S.W.3d at 132. Accordingly, CGGV's motion to dismiss SAE's interlocutory appeal in cause number 14-12-01006-CV is granted.

## Conclusion

Relators have not established entitlement to the extraordinary relief of a writ of mandamus. Accordingly, we deny relator's petition for writ of mandamus and dismiss appellants' appeal.

PER CURIAM

Panel consists of Justices Seymore, Boyce, and McCally.