# NO. 12-12-00155-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *TEXAS DEPARTMENT OF PUBLIC SAFETY,* *APPELLANT* | § | *APPEAL FROM THE 273RD* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *WILL SMITH, JR.,* *APPELLEE* | § | *SABINE COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

The Texas Department of Public Safety (DPS) appeals from the trial court's order granting expunction for Will Smith, Jr.'s harassment arrest for which he received deferred adjudication community supervision. In one issue, DPS contends there is legally insufficient evidence to support the trial court's order. We affirm in part and reverse and render in part.

### BACKGROUND

Smith was arrested for harassment in 1995. In a separate incident, Smith was arrested for assault in 1999. In 2011, Smith filed a petition for expunction on both charges. In the petition, Smith alleged that he received deferred adjudication community supervision for the harassment charge, and that the assault charge was dismissed. DPS filed an answer.

At the hearing, Smith appeared pro se. However, none of the respondents, including DPS, appeared. The trial court held the hearing and a reporter's record was prepared. During the hearing, Smith repeated the allegations in his petition, and stated that he received deferred adjudication for the harassment charge. Nevertheless, at the conclusion of the hearing, the trial court granted Smith's motion, and expunged both offenses. DPS filed a restricted appeal with this court.

In its sole issue, DPS argues that Smith was not entitled to an expunction of records related to his harassment arrest because he received deferred adjudication community supervision as a result of that arrest, and the evidence is therefore legally insufficient to support the trial court's expunction order.

## Standard of Review

A party can prevail in a restricted appeal only if (1) it filed notice of the restricted appeal within six months after the judgment was signed, (2) it was a party to the underlying lawsuit, (3) it did not participate in the hearing that resulted in the judgment complained of and did not timely file any postjudgment motions or requests for findings of fact and conclusions of law, and (4) error is apparent on the face of the record. *See* TEX. R. APP. P. 26.1(c), 30; ***Ins. Co. of State of Penn. v. Lejeune***, 297 S.W.3d 254, 255 (Tex. 2009). For purposes of a restricted appeal, the face of the record consists of all papers on file in the appeal, including the reporter's record. ***Norman Commc'ns v. Tex. Eastman Co.***, 955 S.W.2d 269, 270 (Tex. 1997); ***Flores v. Brimex Ltd. P'ship***, 5 S.W.3d 816, 819 (Tex. App.—San Antonio 1999, no pet.). The absence of legally sufficient evidence to support a judgment is reviewable in a restricted appeal. ***Norman Commc'ns***, 955 S.W.2d at 270; ***Flores***, 5 S.W.3d at 819.

## Applicable Law

Expunction is not a constitutional or common law right, but purely a statutory privilege. ***Tex. Dep't of Pub. Safety v. Nail***, 305 S.W.3d 673, 675 (Tex .App.—Austin 2010, no pet.). The trial court must strictly comply with the statutory requirements, and has no equitable power to expand the remedy's availability beyond what the legislature has provided. ***Harris Cnty. Dist. Attorney v. Lacafta***, 965 S.W.2d 568, 569 (Tex. App.—Houston [14th Dist.] 1997, no pet.). Conversely, if the petitioner demonstrates that he has satisfied each of the requirements under Article 55.01(a), the trial court has a mandatory duty to grant the expunction petition. *See **Heine v. Tex. Dep't of Pub. Safety***, 92 S.W.3d 642, 648 (Tex. App.—Austin 2002, pet. denied). Although the law that governs expunctions is part of the code of criminal procedure, an expunction proceeding is a civil proceeding that is governed by the rules of civil procedure. *See **Carson v. State***, 65 S.W.3d 774, 784 (Tex. App.—Fort Worth 2001, no pet.).

It is well settled law that a person is not entitled to an expunction if the person was placed on "court ordered community supervision" under Article 42.12 of the Texas Code of Criminal Procedure, including deferred adjudication community supervision. *See* TEX. CODE CRIM. PROC. ANN. art. 55.01(a)(2) (West Supp. 2012); ***Harris Cnty. Dist. Attorney's Office v. J.T.S.***, 807 S.W.2d 572, 573–74 (Tex. 1991); *see also **Nail***, 305 S.W.3d at 683–84; ***Tex. Dep't of Pub. Safety v. Jacobs***, 250 S.W.3d 209, 211 (Tex. App.—Dallas 2008, no pet.); ***Tex. Dep't of Pub. Safety v. Fredricks***, 235 S.W.3d 275, 282 (Tex. App.—Corpus Christi 2007, no pet.); ***Tex. Dep't of Pub. Safety v. Moran***, 949 S.W.2d 523, 527 (Tex. App.—San Antonio 1997, no writ). The purpose of Article 55.01 is to allow wrongfully arrested individuals to clear their record, and conversely, to not allow expunction of arrest and court records relating to an arrest for an offense to which a person pleads guilty and receives community supervision pursuant to a guilty plea. *See **J.T.S.***, 807 SW.2d at 574.

Assertions of fact in the party's live pleadings, not pleaded in the alternative, are regarded as formal judicial admissions. ***Houston First Am. Sav. v. Mustek***, 650 SW.2d 764, 767 (Tex. 1983). If the admissions are clear, deliberate, and unequivocal, they are conclusive upon the party making them. ***Regency Advantage Ltd. P'ship. v. Bingo Idea-Watauga, Inc.***, 936 S.W.2d 275, 278 (Tex. 1996); ***Mendoza v. Fid. Guar. Ins. Underwriters, Inc.***, 606 SW.2d 692, 694 (Tex. 1980).

Additionally, a party's testimonial declarations can be treated as conclusive judicial admissions if (1) the declaration was made during a judicial proceeding, (2) the declaration is contrary to a fact that is essential to the testifying person's claim or defense, (3) the declaration was deliberate, clear, and unequivocal, (4) allowing the declaration to have conclusive effect would be consistent with the public policy of the claim or defense, and (5) the declaration is not destructive to the other party's claim. ***Mendoza***, 606 SW.2d at 694.

## Discussion

Smith handwrote in his petition that his harassment arrest was "deferred." Next to this notation, he handwrote that his assault arrest was "dismissed." This provides evidence that he was familiar with the distinctions between deferred adjudication and dismissal of a charge. At the hearing, Smith stated that he wanted to obtain expunction for these arrests so he can return to

3

working in the law enforcement field. Also at the hearing, Smith reiterated the assertions in his pleading, and stated that he received "deferred adjudication" for his harassment arrest. After considering all of this information together, we conclude that Smith made clear, deliberate, and unequivocal assertions that he was placed on deferred adjudication for the harassment arrest. These statements, which were made in his live pleadings and during a judicial proceeding, were contrary to Smith's claim that he was entitled to an expunction. To hold that these statements conclusively establish Smith was placed on deferred adjudication community supervision is consistent with the public policy of expunctions, which is, as we have stated, to prevent those who have pleaded guilty and received deferred adjudication community supervision from expunging the offense.

Smith was charged with the burden of proving his entitlement to an expunction by legally sufficient evidence, but the record contains a complete absence of any evidence establishing that right. In fact, his admissions conclusively establish that he served a term of deferred adjudication for the offense that he sought to expunge. Thus, Smith failed to comply with Article 55.01(a)(2), and there is not legally sufficient evidence that would enable reasonable people to reach the verdict under review. *See **In re S.D.**,* 349 S.W.3d 76, 79 (Tex. App.—El Paso 2010, no pet.) (stating that although expunction is normally subject to abuse of discretion standard or review, legally sufficient standard of review is appropriate when appellant argues that there is lack of evidence to support an order of expunction). As a matter of law, Smith was not entitled to relief. Accordingly, the trial court erred in ordering an expunction of his harassment arrest.

The record establishes that DPS timely filed a notice of restricted appeal, was a party to the underlying lawsuit, did not participate in the hearing that resulted in the trial court's order, and did not file any postjudgment motions or requests for findings of fact and conclusions of law. Also, we have concluded that error is apparent on the face of the record. Therefore, DPS is entitled to prevail in this restricted appeal. We sustain DPS's sole issue.


### DISPOSITION

We *reverse* the trial court's judgment insofar as it pertains to expunction of Smith's harassment arrest and *render* judgment in favor of DPS. We *affirm* the remainder of the

4

judgment. Furthermore, pursuant to DPS's prayer for relief, we order all documents that were turned over to the district court or to Smith be returned to the submitting agencies. *See **Ex parte Elliot***, 815 S.W.2d 251, 252 (Tex.1991) (per curiam) (reversal of expunction applies to all respondents in trial court, even if they did not participate in appeal).

<u>**SAM GRIFFITH**</u>

Justice

Opinion delivered December 20, 2012.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(PUBLISH)

5



# COURT OF APPEALS

## TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**DECEMBER 20, 2012**

## NO. 12-12-00155-CV

**TEXAS DEPARTMENT OF PUBLIC SAFETY,**
Appellant
V.
**WILL SMITH, JR.,**
Appellee

Appeal from the 273rd Judicial District Court
of Sabine County, Texas. (Tr.Ct.No. 12708)

THIS CAUSE came to be heard on the appellate record and the briefs filed herein, and the same being considered, it is the opinion of this court that there was error in the judgment of the court below insofar as it pertains to the expunction of Smith's harassment arrest.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below wherein the trial court ordered an expunction of Smith's harassment arrest is hereby **reversed** and judgment **rendered** in favor of DPS. In all other respects, the judgment of the trial court is **affirmed.** It is further ORDERED that all documents that were turned over to the district court or to Smith be returned to the submitting agencies. All costs in this cause are adjudged against the Appellee, **WILL SMITH, JR.**, for which let execution issue; and that this decision be certified to the court below for observance.

Sam Griffith, Justice.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

6