# NO. 12-16-00332-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | |
|---|---|
| *EX PARTE:* | *§      APPEAL FROM THE 115TH* |
| | *§      JUDICIAL DISTRICT COURT* |
| *JENNIFER BROWN* | *§      UPSHUR COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

The Texas Department of Public Safety appeals the trial court's order granting an expunction of Jennifer Brown's arrest for aggravated assault with a deadly weapon, aggravated assault family violence, and theft by check. DPS presents four issues on appeal. We reverse and render.

### BACKGROUND

Brown was arrested on April 29, 2008, and subsequently charged with aggravated assault with a deadly weapon, aggravated assault family violence, and theft by check. The State dismissed the charges for aggravated assault family violence and theft by check. Brown pleaded guilty to aggravated assault with a deadly weapon. The trial court sentenced her to five years deferred adjudication community supervision.

In June 2016, Brown filed a motion to expunge all records and files relating to the April 29, 2008 arrest. She alleged, among other things, that there was no court-ordered community supervision for any of the charges. DPS filed an answer and general denial asserting Brown did not qualify for expunction of her records because the aggravated assault with a deadly weapon charge resulted in court-ordered community supervision. The trial court granted Brown's petition without a hearing. This restricted appeal followed.

In its first issue, DPS contends Brown was not entitled to have her arrest record expunged because she served community supervision as a result of the arrest.

## Standard of Review

A party can prevail in a restricted appeal only if (1) it filed notice of the restricted appeal within six months after the judgment was signed, (2) it was a party to the underlying lawsuit, (3) it did not participate in the hearing that resulted in the judgment complained of and did not timely file any postjudgment motions or requests for findings of fact and conclusions of law, and (4) error is apparent on the face of the record. *See* TEX. R. APP. P. 26.1(c), 30; ***Ins. Co. of State of Penn. v. Lejeune***, 297 S.W.3d 254, 255 (Tex. 2009). For purposes of a restricted appeal, the face of the record consists of all papers on file in the appeal, including the reporter's record. ***Norman Commc'ns v. Tex. Eastman Co.***, 955 S.W.2d 269, 270 (Tex. 1997); ***Flores v. Brimex Ltd. P'ship***, 5 S.W.3d 816, 819 (Tex. App.—San Antonio 1999, no pet.).

We review a trial court's order granting or denying a petition for expunction under an abuse of discretion standard. *See* ***Heine v. Tex. Dep't of Pub. Safety***, 92 S.W.3d 642, 646 (Tex. App.—Austin 2002, pet. denied). A trial court abuses its discretion if it acts "without reference to any guiding rules or principles." ***E.I. du Pont de Nemours & Co. v. Robinson***, 923 S.W.2d 549, 558 (Tex. 1995). If an expunction ruling turns on a question of law, we review it de novo because a "trial court has no 'discretion' in determining what the law is or applying the law to the facts." ***Walker v. Packer***, 827 S.W.2d 833, 840 (Tex. 1992). A trial court abuses its discretion if it misinterprets or misapplies the law. ***Id.***

## Governing Law

Although the law that governs expunctions is part of the code of criminal procedure, an expunction proceeding is civil in nature and is governed by the rules of civil procedure. *See* ***Carson v. State***, 65 S.W.3d 774, 784 (Tex. App.—Fort Worth 2001, no pet.). Expunction is not a constitutional or common law right, but purely a statutory privilege. ***Tex. Dep't of Pub. Safety v. Nail***, 305 S.W.3d 673, 675 (Tex. App.—Austin 2010, no pet.). The trial court must strictly comply with statutory requirements and has no equitable power to extend the clear meaning of the statute. ***Harris Cnty. Dist. Attorney v. Lacafta***, 965 S.W.2d 568, 569 (Tex. App.—Houston [14th Dist.] 1997, no pet.).

Texas Code of Criminal Procedure Article 55.01(a)(2) states, in relevant part, that a person who has been placed under a custodial or noncustodial arrest for commission of either a felony or misdemeanor is entitled to have all records and files relating to the arrest expunged if (1) the person has been released, (2) the charge, if any, has not resulted in a final conviction, (3) the charge, if any, is no longer pending, and (4) there was no court-ordered community supervision under Article 42.12 for the offense, unless the offense is a Class C misdemeanor. *See* TEX. CODE CRIM. PROC. ANN. art. 55.01(a)(2) (West Supp. 2016). "The traditional and primary purpose of the expunction statute is to remove records of wrongful arrests." *S.J. v. State*, 438 S.W.3d 838, 841 (Tex. App.—Fort Worth 2014, no pet.). Thus, the expunction statute is "arrest-based" and expunction is not available for less than all offenses arising from one arrest. *Id.* at 844; *see* BLACK'S LAW DICTIONARY 116, 248, 1110 (8th ed. 2004) (defining an "arrest," in pertinent part, as a "taking or keeping of a person in custody by legal authority, esp. in response to a criminal charge," whereas a "charge" accuses someone of an offense, i.e., a "violation of the law"). In other words, a person is not entitled to have any arrest records expunged under Article 55.01(a)(2) when a charge is dismissed, but that dismissal results in community supervision for any charge arising from the same arrest. *S.J.*, 438 S.W.3d at 845-46 (for petitioner to be entitled to expunction, all charges arising from an arrest must meet requirements of Article 55.01).

**Analysis**

The record establishes that DPS timely filed a notice of restricted appeal, was a party to the underlying lawsuit, did not participate in the hearing that resulted in the trial court's expunction order, and did not file any postjudgment motions or requests for findings of fact and conclusions of law. *See* TEX. R. APP. P. 26.1(c), 30; *see also* *Lejeune*, 297 S.W.3d at 255; *see generally* *Ex parte Hatzis*, No. 12-14-00199-CV, 2015 WL 1966668 (Tex. App.—Tyler April 30, 2015, no pet.) (mem. op). Accordingly, we must determine whether error is apparent on the face of the record. *See* TEX. R. APP. P. 26.1(c), 30; *see also* *Lejeune*, 297 S.W.3d at 255.

To be entitled to expunction under Article 55.01(a)(2), Brown had the burden of showing all of the following requirements: (1) she had been released; (2) the charge, if any, has not resulted in a final conviction; (3) the charge, if any, is no longer pending; and (4) there was no court-ordered community supervision for the offense. *See* TEX. CODE CRIM. PROC. ANN. art. 55.01(a)(2); *Ex parte Green*, 373 S.W.3d 111, 113 (Tex. App.—San Antonio 2012, no pet.). DPS contends that Brown did not meet the fourth requirement for expunction of her April 29, 2008

3

arrest. Specifically, DPS argues that because Brown's arrest resulted in community supervision for aggravated assault with a deadly weapon, she is not entitled to an expunction under Article 55.01(a)(2). We agree.

The record shows that Brown was arrested on April 29, 2008, and charged with aggravated assault with a deadly weapon, aggravated assault family violence, and theft by check. The theft and family violence charges were dismissed. She pleaded guilty to aggravated assault with a deadly weapon and was sentenced to five years of deferred adjudication community supervision. It is undisputed that the all of the charges arose from the same arrest and that the aggravated assault with a deadly weapon charge resulted in court-ordered community supervision. *See Tex. Dep't of Pub. Safety v. Moran*, 949 S.W.2d 523, 527 (Tex. App.—San Antonio 1997, no writ) (deferred adjudication is court-ordered community supervision even if defendant not under any court-imposed conditions, other than paying a fine and court costs). Consequently, because all three charges arose from the same arrest and the aggravated assault with a deadly weapon charge resulted in community supervision, Brown is not entitled to expunction of any records relating to her April 29, 2008 arrest. *See S.J.*, 438 S.W.3d at 845. For this reason, the trial court abused its discretion by granting Brown's petition for expunction. *See Walker*, 827 S.W.2d at 840; *see also Heine*, 92 S.W.3d at 646.

Under these circumstances, we conclude that error is apparent on the face of the record and that DPS is entitled to prevail in this restricted appeal. *See* Tex. R. App. P. 26.1(c), 30; *see also Lejeune*, 297 S.W.3d at 255. Accordingly, we sustain DPS's first issue and need not address its remaining issues. *See* Tex. R. App. P. 47.1.

### DISPOSITION

We *reverse* the trial court's judgment granting expunction of Brown's April 29, 2008 arrest and *render* judgment in favor of DPS. Furthermore, pursuant to DPS's prayer for relief, we order all documents that were turned over to the trial court or to Brown be returned to the submitting agencies. *See Ex parte Elliot*, 815 S.W.2d 251, 252 (Tex. 1991) (per curiam) (reversal of expunction applies to all respondents in trial court, even if they did not participate in appeal).

**BRIAN HOYLE**
Justice

Opinion delivered September 20, 2017.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(PUBLISH)

# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**SEPTEMBER 20, 2017**

**NO. 12-16-00332-CV**

**EX PARTE: JENNIFER BROWN**

Appeal from the 115th District Court

of Upshur County, Texas (Tr.Ct.No. 669-13)

THIS CAUSE came to be heard on the appellate record and the briefs filed herein, and the same being considered, because it is the opinion of this court that there was error in the judgment of the court below, it is ORDERED, ADJUDGED and DECREED by this court that the judgment granting expunction of Jennifer Brown's April 29, 2008 arrest be **reversed** and judgment **rendered** in favor of the Department of Public Safety. All costs in this cause expended in this court be, and the same are, hereby adjudged against the Appellee, **JENNIFER BROWN**, for which let execution issue; and that this decision be certified to the court below for observance.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*