

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-18-00255-CV

Ronald Carey **HODGE**,
Appellant

v.

Charles W. **HANOR** and Jean M. Hanor,
Appellees

From the 131st Judicial District Court, Bexar County, Texas
Trial Court No. 2017CI17321
Honorable Solomon Casseb III, Judge Presiding

Opinion by:    Rebeca C. Martinez, Justice

Sitting:       Sandee Bryan Marion, Chief Justice
               Rebeca C. Martinez, Justice
               Irene Rios, Justice

Delivered and Filed: January 2, 2019

REVERSED AND REMANDED

Ronald Carey Hodge files this restricted appeal from a no-answer default judgment taken against him by Charles W. Hanor and Jean M. Hanor. On appeal, Hodge contends error is apparent on the face of the record because no reporter's record was made of the default judgment hearing.[1] We reverse the trial court's judgment and remand the cause for a new trial on unliquidated damages.

---

[1] Because we sustain this issue, we need not address Hodge's other issues. *See* TEX. R. APP. P. 47.1.

## BACKGROUND

In 2014, Hodge retained Charles Hanor to represent him in several legal matters and ultimately Hodge owed Hanor $95,159.18 in legal fees. Because Hodge was unable to pay the legal fees, Hodge and the Hanors entered into a verbal agreement whereby Hodge would satisfy the legal fees he owed to Hanor by providing the Hanors with wood flooring and cabinetry for the kitchen, bathrooms, and closets of the Hanors' home. On September 8, 2017, the Hanors sued Hodge alleging claims for breach of contract, violations of the Texas Deceptive Trade Practices Act, negligent misrepresentation, fraud, negligence, and gross negligence. Hodge did not file an answer.

On November 8, 2017, the trial court signed a no-answer default judgment awarding the Hanors $91,945.47 in damages, $45,000.00 in additional damages under the DTPA, and $8,500 in attorney's fees for proceedings in the trial court. The judgment also awarded the Hanors conditional post-judgment attorney's fees, including $35,000.00 for proceedings in any court of appeals and $35,000.00 for proceedings in the Texas Supreme Court. Hodge timely filed this restricted appeal.

## RESTRICTED APPEAL

In order to prevail in a restricted appeal, Hodge must prove: (1) he filed the notice of restricted appeal within six months after the judgment was signed; (2) he was a party to the underlying lawsuit; (3) he did not participate at the hearing that resulted in the judgment complained of and did not timely file any post-judgment motions or requests for findings of fact and conclusions of law; and (4) error is apparent on the face of the record. *Pike-Grant v. Grant*, 447 S.W.3d 884, 886 (Tex. 2014). The only element at issue in this appeal is whether error is apparent on the face of the record.

For purposes of a restricted appeal, the face of the record consists of all papers on file in the appeal, including the reporter's record. *Norman Commc'ns v. Tex. Eastman Co.*, 955 S.W.2d 269, 270 (Tex. 1997); *In re Marriage of Butts*, 444 S.W.3d 147, 152 (Tex. App.—Houston [14th Dist.] 2014, no pet); *Flores v. Brimex Ltd. P'ship*, 5 S.W.3d 816, 819 (Tex. App.—San Antonio 1999, no pet.). The absence of legally sufficient evidence to support a judgment is reviewable in a restricted appeal. *Norman Commc'ns*, 955 S.W.2d at 270; *In re Marriage of Butts*, 444 S.W.3d at 152; *Flores*, 5 S.W.3d at 819.

### ABSENCE OF REPORTER'S RECORD

It is undisputed that no reporter's record was made of the default judgment hearing. In his first issue, Hodge contends error is apparent on the face of the record based on the absence of a reporter's record. The Hanors respond that the absence of a reporter's record is only reversible error when damages are unliquidated.

"Once a default judgment is taken on an unliquidated claim, all allegations of fact set forth in the petition are deemed admitted, except the amount of damages." *Holt Atherton Indus., Inc. v. Heine*, 835 S.W.2d 80, 83 (Tex. 1992). "A court rendering a default judgment must hear evidence of unliquidated damages." *Id.*; *see also* TEX. R. CIV. P. 243. "When no reporter's record has been taken of the trial court's evidentiary hearing resulting in a no-answer default judgment, this court has held error is apparent on the face of the record." *State Farm Cty. Mut. Ins. Co. of Tex. v. Diaz–Moore*, No. 04-15-00766-CV, 2016 WL 6242842, at *3 (Tex. App.—San Antonio Oct. 26, 2016, no pet.) (mem. op) (citing *Stone v. Talbert Operations, LLC*, No. 04-14-00008-CV, 2014 WL 7439931, at *1-2 (Tex. App.—San Antonio Dec. 31, 2014, no pet.) (mem. op.); *Trenton v. Hammitt*, No. 04-10-00316-CV, 2010 WL 5545423, at *2-3 (Tex. App.—San Antonio Dec. 29, 2010, no pet.) (mem. op.)).

The Hanors contend the absence of a reporter's record is not reversible error because their damages were liquidated. First, we note the judgment awarded the Hanors attorney's fees which are unliquidated. *In re C.L.W.*, 485 S.W.3d 537, 542 (Tex. App.—San Antonio 2015, no pet.); *Bastine v. Comm'n for Lawyer Discipline*, 252 S.W.3d 413, 416 (Tex. App.—Houston [1st Dist.] 1996, no writ). In addition, "[a] claim is liquidated if the amount of damages caused by the defendant can be accurately calculated from (1) the factual, as opposed to conclusory, allegations in the petition, and (2) an instrument in writing." *Arenivar v. Providian Nat'l Bank*, 23 S.W.3d 496, 498 (Tex. App.—Amarillo 2000, no pet.); *Kao Holdings, L.P. v. Young*, 214 S.W.3d 504, 507 n.2 (Tex. App.—Houston [14th Dist.] 2006), *aff'd as modified on other grounds*, 261 S.W.3d 60 (Tex. 2008) ("A claim is unliquidated if it is not proved by a written instrument such that the amount of damages can be accurately calculated by the trial court from the instrument and the factual allegations in the plaintiff's petition."). In this case, the Hanors acknowledge in their brief that they sought to recover benefit of the bargain damages. "[B]enefit-of-the-bargain damages measure the difference between the value as represented and the value received." *Arthur Andersen & Co. v. Perry Equip. Corp.*, 945 S.W.2d 812, 817 (Tex. 1997); *Geis v. Colina Del Rio, LP*, 362 S.W.3d 100, 112 (Tex. App.—San Antonio 2011, pet. denied). The Hanors did not attach a contract, invoices or other written instruments to their petition from which such damages could be calculated; therefore, the Hanors' claims are unliquidated.[2] *See Aavid Thermal Techs. of Tex. v. Irving Indep. Sch. Dist.*, 68 S.W.3d 707, 711 (Tex. App.—Dallas 2001, no pet.) (referring to

---

[2] The Hanors rely on a "Financial Instrument Affidavit" contained in the clerk's record which was signed by Hanor and stated, "The financial instrument attached to this affidavit as Exhibit A is a true and correct accounting of the damages outlined in the Affidavit is Support of Default Judgement [sic] and the Plaintiffs' Original Petition." Attached to the affidavit was a document entitled "Financial Instrument" which consisted of a chart listing costs for cabinets, flooring, closets, and attorney's fees. We disagree that this document is an "instrument in writing" allowing for the calculation of liquidated damages. *See Pine Trail Shores Owners' Ass'n, Inc. v. Aiken*, 160 S.W.3d 139, 144-45 (Tex. App.—Tyler 2005, no pet.) (holding chart listing total amount of unpaid assessments was not written instrument establishing liquidated claim).

original invoices, a sworn account, and employment contract as written instruments from which liquidated damages can be calculated); *Atwoood v. B & R Supply & Equip. Co.*, 52 S.W.3d 265, 268 (Tex. App.—Corpus Christi 2001, no pet.) (holding damages were unliquidated where factual allegations in petition were not supported by any written instrument); *Johnson v. Gisondi*, 627 S.W.2d 448, 449 (Tex. App.—Houston [1st Dist.] 1981, no writ) (holding claim for breach of an oral contract was unliquidated where factual allegations in petition were not proved by an instrument in writing). Therefore, we disagree with the Hanors' contention that the damages in this case were liquidated.

## CONCLUSION

Because no reporter's record was taken of the trial court's evidentiary hearing resulting in a no-answer default judgment against Hodge which awarded the Hanors unliquidated damages, error is apparent on the face of the record. Accordingly, the no-answer default judgment against Hodge is reversed, and the cause is remanded to the trial court for a new trial on unliquidated damages.

Rebeca C. Martinez, Justice