**Ex Parte Mark Andrew ELLIOT.**

**No. D–1172.**

Supreme Court of Texas.

Sept. 11, 1991.

J. Harvey Hudson, John B. Holmes, Houston, for appellant.

L.H. Stewart, Paula Gavrel Asher, Houston, for appellee.

PER CURIAM.

We consider whether the court of appeals properly limited relief from a trial court's order expunging criminal records to the sole appealing law enforcement agency. 804 S.W.2d 324. Because partial expunction contradicts the language and policies of the applicable statute, we hold that reversal of an expunction order must encompass all persons and agencies in possession of relevant criminal records.

After Mark Andrew Elliot was arrested in June 1982 for burglary of a building, the trial court deferred adjudication and placed him on probation for three years. In January 1984 the trial court, although finding that the evidence substantiated Mr. Elliot's guilt, granted an early termination of the deferred adjudication and dismissed the cause of action. In February 1989 Mr. Elliot filed a petition to expunge all records of his arrest. The Harris County District Attorney ("District Attorney"), District Clerk, and Sheriff filed general denials. After a hearing, the trial court ordered expunction.

Only the District Attorney appealed the trial court's order, contending that Mr. Elliot offered no evidence to satisfy the statutory requirements for expunction. *See* Tex.Code Crim.Proc.Ann. art. 55.01 (Vernon Supp.1991). The court of appeals sustained the District Attorney's point of error, but limited its reformation of the trial court order to records maintained by him.

While it is generally the rule that non-appealing parties are excluded from relief upon appeal, this court has held that reversal of a trial court order may extend to non-appealing parties "when the rights of the appealing parties are so interwoven or dependent on each other as to require a reversal of the entire judgment." *Plas–Tex, Inc. v. United States Steel Corp.*, 772 S.W.2d 442, 446 (Tex.1989) (citing *Turner, Collie & Braden v. Brookhollow, Inc.*, 642 S.W.2d 160, 166 (Tex.1982)). This exception to the general rule is applied on a case-by-case basis. *See Donwerth v. Preston II*

*Chrysler–Dodge,* 775 S.W.2d 634, 642 (Tex. 1989) (Ray, J., concurring).

Texas law governing expunction of criminal records creates a unique situation in which all persons and agencies party to an expunction action share not only interwoven but identical interests. Article 55.01 of the Texas Code of Criminal Procedure provides: "A person who has been arrested is entitled to have *all* records and files relating to the arrest expunged ..." (emphasis added). This statutory provision facially applies to all persons and all law enforcement agencies which might be in possession of relevant records and files. These agencies, along with the public, share the common goals of uniform management of documentation and effective deterrence of recidivism, both of which are achieved by maintenance of arrest records. *See Harris County District Attorney's Office v. J.T.S.,* 807 S.W.2d 572, 574 (Tex.1991). Expunction by only some, and not all, agencies would undermine these goals. Likewise, such partial expunction would fail to preserve the rights of the party seeking expunction, denying the protection of article 55.01.

Reversal of an entire judgment even as it applies to nonappealing parties is also appropriate where necessary to provide the appellant with "full and effective relief." *Turner, Collie & Braden,* 642 S.W.2d at 166. Once again, this situation is likely to arise frequently in the unique setting of expunction. One law enforcement agency cannot enjoy full relief from an order of expunction if it will be unable to cross-reference its criminal records with those of other law enforcement agencies.

Pursuant to Texas Rule of Appellate Procedure 170, we grant the District Attorney's application for writ of error, and without hearing oral argument a majority of the court reverses in part the judgment of the court of appeals and renders judgment denying expunction.