### In the Matter of the Expunction of R.A.

### No. 08–11–00192–CV.

Court of Appeals of Texas,
El Paso.

Aug. 28, 2013.

---

6. Tex.Fam.Code § 106.002(a)(West 2008).

7. Tex.Fam.Code § 42.006(a)(1)(West 2008).

Manuel Romero, Assistant County Attorney, El Paso, for Appellee.

R.A., El Paso, pro se.

Tom A. Darnold, El Paso, for State.

Before McCLURE, C.J., RIVERA, J., and CHEW, C.J. (Senior Judge), sitting by assignment.

## OPINION

ANN CRAWFORD McCLURE, Chief Justice.

R.A. appeals from an order expunging records following her acquittal of criminal charges but providing for the preservation of certain records for use in ancillary proceedings arising out of the criminal case. For the reasons that follow, we affirm.

## FACTUAL SUMMARY

R.A. was charged by indictment with two counts of bribery, two counts of abuse of official capacity, and two counts of a nepotism offense referred to as "prohibition applicable to trading."[1] The indictment was filed in the 41st District Court and assigned cause number 20100D03043. The judge of that court voluntarily recused

---

1. Sections 573.041–573.044 of the Government Code prohibit specific types of nepotism. *See* TEX.GOV'T CODE ANN. §§ 573.041–.044 (West 2012). Section 573.044 is titled "Prohibition Applicable to Trading."

herself and the Presiding Judge of the Sixth Administrative Judicial Region assigned the Honorable Steven Lee Smith[2] to hear the case. Judge Smith quashed Count 5 and the case went to trial on the remaining counts. A jury acquitted R.A. of Counts 1–4 and Count 6 on May 11, 2011. At the conclusion of the trial, Judge Smith held R.A.'s attorneys, Theresa Caballero and Stuart Leeds, in contempt of court for their trial conduct and directed the court reporters to transcribe the hearings held in the case. Judge Smith entered written judgments of contempt and filed them with the trial court clerk. Both Leeds and Caballero exercised their right to a *de novo* hearing.

Two days after the trial concluded, R.A. filed a motion to expunge records in the criminal case (cause number 20100D03043).[3] On May 25, 2011, the Honorable Sam M. Paxson, Senior District Judge, signed an order expunging the records ("the May 25 order"). That order is styled *The State of Texas v. [R.A.]* and it bears cause number 20100D03043. It is undisputed that Judge Paxson had not been assigned to hear the expunction motion pending in the criminal case. Judge Smith subsequently entered an order partially rescinding the expunction order but only to the extent it superseded his prior oral order regarding preparation of the reporter's record ("the May 27 order"). To ensure that the State Bar of Texas Chief Disciplinary Counsel and any other factfinder would have access to the record of the proceedings in the case, Judge Smith expressly ordered the court reporters to "promptly prepare the transcripts of those portions they recorded and file them under seal with the District Clerk of El

Paso County" and to send a sealed copy of the transcripts to the State Bar of Texas— Office of Chief Disciplinary Counsel. Judge Smith also ordered the court reporters to not respond to any requests for any action on the transcripts other than those by the assigned judge in the case.

The El Paso County Attorney, acting on behalf of several county entities, filed a petition to intervene and motion to set aside the judgment. The County also requested that Judge Smith enter a temporary order sealing its petition in intervention and the motion to set aside the judgment in order to protect R.A.'s privacy interests. The County Attorney specifically recognized R.A.'s right to an expunction but also acknowledged that a necessity existed for temporary preservation of certain records from the criminal case. R.A. responded with a motion to disqualify the County Attorney on the ground of bias and conflict of interest.

On June 9, 2011, the State filed a motion to modify the May 27 order because: (1) Judge Paxson, a retired senior district judge, had not been assigned to preside over cause number 20100D03043, and therefore, he lacked jurisdiction and authority to sign the order expunging R.A.'s records; and (2) the State had not been provided with any notice of R.A.'s request for an expunction. In short, the State argued that the May 27 order, to the extent it incorporated any part of the May 25 order, was improper and it asked Judge Smith to enter a corrected order of expunction.

With the court's plenary power to order an expunction under Article 55.02 § 1 of

---

2. Judge Smith is the judge of the 361st District Court of Brazos County, Texas.

3. Stuart Leeds filed the motion to expunge on behalf of R.A. Consequently, he became R.A.'s

designated lead attorney on the expunction proceeding even though she was also represented by Theresa Caballero. *See* TEX.R.CIV.P. 8.

the Code of Criminal Procedure set to expire on June 10 at 11:59 p.m., Judge Smith determined that it was necessary to conduct a hearing on the pending motions at 9 a.m. on June 10, 2011 even though that would provide the parties with less than three days' notice. On June 9, Judge Smith notified Stuart Leeds of the hearing. Shortly after 5 a.m. on June 10, Leeds acknowledged by email he had received the notice but he was unable to attend at the scheduled time. Judge Smith responded by email at 7:06 a.m. and asked Leeds what time he would be available on June 10. Leeds did not respond. Shortly before 8 a.m., Judge Smith notified Leeds and the County Attorney's Office that he was resetting the hearing for 1:10 p.m. on June 10, but he would schedule it at another time that day to accommodate Leeds' schedule. He also requested that the County Attorney's Office contact Leeds and notify him of the hearing. Two assistant county attorneys saw Leeds in the courthouse at 12:30 p.m. and informed him of the hearing as requested by Judge Smith. Leeds told them he was not available at 1:10 p.m. or at any time that day and left the courthouse. Leeds did not appear at the hearing or file a motion for continuance.

In orders signed on June 10, 2011, Judge Smith denied R.A.'s motion to disqualify the El Paso County Attorney, granted El Paso County's petition in intervention, and granted El Paso County's motion to aside both the May 25 and May 27 orders. He also granted the State's motion to modify the May 27 order. On that same date, the court signed a new order of expunction which stated as follows:

The Court finds that [R.A.] is fully entitled to an expunction of her records relating to the above-styled and numbered cause and that, but for the conduct of her attorneys, record destruction would be immediate. The Court finds that the conduct of [R.A.]'s attorneys requires the current preservation of all records in the above styled and numbered cause for the limited purpose of addressing all ancillary matters arising from the underlying criminal matter. The court therefore orders as follows:

The Court grants [R.A.] her expunction of records with the exceptions set forth herein. The State of Texas, its agencies, tribunals and political subdivisions, to specifically include the County of El Paso, the State Commission on Judicial Conduct, the State Bar Commission on Lawyer Discipline and its Chief Disciplinary Counsel, and the 41st State District Court are permitted to use all records and files of said criminal matter for the exclusive purpose of defending their interests or responding to said ancillary matters.

All records and files, to include all emails, shall remain under seal for the pendency of the ancillary matters arising from the underlying criminal case. No records, files or emails shall be destroyed until completion or full adjudication of all said ancillary matters.

The State of Texas, its agencies, political subdivisions, tribunals and their agents are specifically permitted to maintain and use the records and files, to include all emails, relating to the underlying criminal case during the course of any and all ancillary matters arising from said criminal case.

R.A. filed notices of appeal from the May 27 and June 10 orders. The State gave notice of its intent to appeal the May 25 order and it also filed notice of cross-appeal from the May 27 order. The State acknowledges that its appeal from the May 25 and May 27 orders will be moot if the June 10 order of expunction is affirmed.

Accordingly, we will begin by addressing R.A.'s issues.

## JUDICIAL NOTICE

 As a preliminary matter, R.A. invites us to take judicial notice that Judge Smith is not the elected judge of the 41st District Court or any other court in El Paso County, and that he was assigned as a visiting judge to hear only the criminal case against her. Generally, appellate courts take judicial notice of facts outside the record only to determine jurisdiction or to resolve matters ancillary to decisions which are mandated by law. *SEI Business Systems, Inc. v. Bank One Texas, N.A.,* 803 S.W.2d 838, 841 (Tex.App.-Dallas 1991, no writ); *see Freedom Communications, Inc. v. Coronado,* 372 S.W.3d 621, 624 (Tex.2012) (court determined it was appropriate to take judicial notice of facts in a plea agreement because they were relevant to determination whether trial court had jurisdiction). Appellate courts are reluctant to take judicial notice of matters which go to the merits of a dispute. *SEI Business Systems,* 803 S.W.2d at 841; *see Deerfield Land Joint Venture v. Southern Union Realty Company,* 758 S.W.2d 608, 610 (Tex.App.-Dallas 1988, writ denied) ("For us to consider evidence for the first time, never presented to the trial court, would effectively convert this Court into a court of original, not appellate jurisdiction.").

The record includes the order of assignment which recites that the Administrative Judge assigned "the Honorable Steven Lee Smith, Active District Judge of the 361st District Court, to the 41st District Court of El Paso County, Texas." The order further provides:

> The judge is assigned to preside in Cause Number 20100D03043, styled *THE STATE OF TEXAS V. [R.A.]* from this date until plenary jurisdiction has expired or the undersigned Presiding

Judge has terminated this assignment in writing, whichever occurs first. In addition, whenever the assigned judge is present in the county of assignment for a hearing in this cause, the judge is also assigned and empowered to hear at that time any other matters that are presented for hearing in other cases.

Because the order reflects Judge Smith's status as the Judge of the 361st District Court of Brazos County and the parameters of his assignment, we decline R.A.'s invitation.

## IMPERMISSIBLE COLLATERAL ATTACK

 In Issue One, R.A. contends that the May 27 and June 10 orders are void because they represent an impermissible collateral attack on the May 25 expunction order entered by Judge Paxson. As part of this issue, she claims that the May 25 order is not subject to collateral attack because it was not void. The State responds that the May 27 and June 10 orders, as well as the motions filed by the State and County challenging the May 25 order, are direct attacks, not collateral attacks, on the May 25 order entered by Judge Paxson.

 A litigant may attack a void judgment directly or collaterally, but a voidable judgment may only be attacked directly. *PNS Stores, Inc. v. Rivera,* 379 S.W.3d 267, 271 (Tex.2012). A direct attack—such as an appeal, a motion for new trial, or a bill of review—attempts to correct, amend, modify or vacate a judgment and must be brought within a definite time period after the judgment's rendition. *Id.* A collateral attack seeks to avoid the binding effect of a judgment in order to obtain specific relief that the judgment currently impedes. *PNS Stores,* 379 S.W.3d at 272,

*citing Browning v. Prostok,* 165 S.W.3d 336, 346 (Tex.2005).

As illustrated by the Supreme Court's discussion of direct and collateral attacks in *PNS Stores,* these legal concepts refer to a type of challenge raised by a party against a judgment. R.A. takes the position that Judge Smith's orders amount to a collateral attack on Judge Paxson's expunction order. She cites no cases holding that an order can be either a collateral attack or direct attack and we have found none. We will instead focus on whether the motions challenging the May 25 and May 27 orders are collateral attacks.

The County intervened in the expunction proceeding and filed a motion to set aside both the May 25 and May 27 orders. The State filed a motion to modify the May 27 order to the extent it incorporated any aspect of the May 25 order. Both the County's and State's motions were timely filed to modify the prior orders and as such are direct attacks. Judge Smith granted the motions, set aside the May 27 order, and entered the June 10 order. For these reasons, we overrule Issue One.

## PARTIAL EXPUNCTION

In her second issue, R.A. complains that the June 10 order is only a partial expunction because it requires the preservation of all records for the limited purpose of addressing certain ancillary matters. The State counters that R.A. failed to preserve her complaint by raising it in the trial court.

To preserve a complaint for appellate review, a party must make a timely request, objection, or motion in the trial court with sufficient specificity to make the court aware of the complaint. Tex. R.App.P. 33.1(a)(1). The party must also obtain an adverse ruling in order to preserve error. Tex.R.App.P. 33.1(a)(2). A motion for new trial and a motion to modi-

fy a judgment are appropriate methods for preserving error regarding an alleged defect in the final judgment. *See Ortiz v. Collins,* 203 S.W.3d 414, 427 (Tex.App.-Houston [14th Dist.] 2006, no pet.); *Holland v. Hayden,* 901 S.W.2d 763, 765 & n. 5 (Tex.App.-Houston [14th Dist.] 1995, writ denied) (identifying ways of preserving error regarding an alleged defect in the final judgment, including motion to modify, correct, or reform a judgment pursuant to Texas Rule of Civil Procedure 329b(g)). R.A. has waived error and, in any event, her argument is without merit.

R.A. is correct that a partial expunction is impermissible. *See Ex parte Elliot,* 815 S.W.2d 251, 252 (Tex.1991). In that case, the trial court ordered the district attorney, district clerk, and sheriff to expunge Elliot's arrest records, but only the district attorney appealed, asserting that Elliot had failed to offer evidence sufficient to prove the statutory requirements for expunction. The First Court of Appeals sustained the district attorney's point of error, but limited its reformation of the expunction order to the district attorney's records. *Ex parte Elliott,* 804 S.W.2d 324 (Tex.App.-Houston [1st Dist.] 1991). The Supreme Court acknowledged the general rule that non-appealing parties are excluded from relief upon appeal, but it held that reversal of a trial court order may extend to non-appealing parties "when the rights of the appealing parties are so interwoven or dependent on each other as to require a reversal of the entire judgment." *Ex parte Elliot,* 815 S.W.2d at 252, *quoting Plas–Tex, Inc. v. United States Steel Corp.,* 772 S.W.2d 442, 446 (Tex.1989). Noting that the expunction statute applies on its face to all persons and all law enforcement agencies which might be in possession of relevant records and files, the court held that the agencies and the public share the common goals of uniform man-

agement of documentation and effective deterrence of recidivism, both of which are achieved by maintenance of arrest records. *Ex parte Elliot,* 815 S.W.2d at 252. Accordingly, expunction by only some agencies would undermine these goals and a partial expunction would not preserve the rights of the party seeking expunction. *Id.* The Supreme Court reversed the court of appeals' judgment and rendered judgment denying expunction. *Id.*

R.A. suggests that Judge Smith's order providing for the temporary retention of records until the ancillary proceedings are concluded amounts to an impermissible partial expunction contrary to the Supreme Court's holding in *Ex parte Elliot.* This case is procedurally and factually distinguishable because it involves the application of provisions of the Code of Criminal Procedure which authorize the court to enter an order permitting the retention of records in certain situations. *See* TEX. CODE CRIM.PROC.ANN. art. 55.02 §§ 4(a)(1), 4(a)(2)(B).[4] R.A. has failed to demonstrate that the June 10 expunction order is the type of partial expunction order found impermissible by the Supreme Court. Issue Two is overruled.

### RETENTION OF RECORDS IMPERMISSIBLE

 In Issue Three, R.A. contends that the June 10 expunction order denies her a full and complete expunction remedy and that Texas law does not support Judge Smith's decision to permit the retention of records until the ancillary proceedings are completed. Because R.A. did not raise this complaint in a post-judgment motion, it is waived. TEX.R.APP.P. 33.1(a); *see Ortiz,* 203 S.W.3d at 427.

Had R.A. preserved this issue for review, it is without merit because the order regarding the retention of records is authorized under Article 55.02. Judge Smith held both of R.A.'s attorneys in contempt for their conduct during the trial. He determined that their actions required the preservation of the trial records "for the limited purpose of addressing all ancillary matters arising from the underlying criminal matter." The ancillary matters contemplated by the trial court included the ongoing contempt proceeding and grievances against R.A.'s attorneys, grievances against the prosecutors involved in the criminal trial, and a separate expunction proceeding pending in the 346th District Court of El Paso County. An assistant county attorney specifically requested that the records be preserved for use in defending his clients in connection with the latter suit.

Article 55.02 § 4(a)(1) provides that, in the case of a person who is the subject of an expunction order on the basis of an acquittal, the court may specify in the expunction order that the law enforcement agency and the prosecuting attorney retain records if they are necessary to conduct a subsequent investigation and prosecution of a person other than the person who is the subject of the expunction order. TEX. CODE CRIM.PROC.ANN. art. 55.02 § 4(a)(1). Similarly, Article 55.02 § 4(a)(2)(B) authorizes the trial court to permit the retention of records and files if the State shows that

---

4. The Legislature amended Article 55.02 in 2011, effective September 1, 2011. *See* Acts 2011, 82nd Leg., R.S., ch. 690, §§ 2–6, 8, 2011 TEX.GEN.LAWS 1651, 1652–55; Acts 2011, 82nd Leg., R.S., ch. 894 §§ 2, 4, 2011 TEX. GEN.LAWS 2274–76; Acts 2011, 82nd Leg., R.S., ch. 91, §§ 6.002, 28.001, 2011 TEX.GEN. LAWS 451, 533; Acts 2011, 82nd Leg., R.S.,

ch. 278, §§ 3, 4, 10, 2011 TEX.GEN.LAWS 883–84. Because the trial court entered the expunction order prior to September 1, 2011, the prior version of the expunction statute applies to R.A.'s case and all references in this opinion to Article 55.02 are to the prior version unless otherwise stated. *See* TEX.CODE CRIM.PROC.ANN. art. 55.02 (West 2006).

these documents are necessary for use in a civil case. TEX.CODE CRIM.PROC.ANN. art. 55.02 § 4(a)(2)(B). We conclude that the trial court did not abuse its discretion by permitting the temporary retention of the records from R.A.'s trial for use in the contempt and grievance proceedings. Issue Three is overruled.

## JUDGE'S AUTHORITY TO HEAR EXPUNCTION

 In her fourth issue, R.A. contends that the May 27 and June 10 expunction orders are void because Judge Smith exceeded the scope of his assignment which she characterizes as being limited to the criminal case. If a judge exceeds the scope of his assignment, his acts are without authority and void. *See Ex parte Eastland*, 811 S.W.2d 571, 572 (Tex.1991). In *Ex parte Eastland*, the State Bar brought a disbarment proceeding against an attorney and the Supreme Court assigned a judge to preside over the case. The letter of assignment provided that the judge was assigned to serve as judge of the 66th Judicial District Court for trial of the case, and stated that the "assignment shall continue after the specified period of time as may be necessary for you to complete trial of any case or cases begun during this period and to pass on any motions for new trials." *Id.* The judge entered a judgment disbarring the attorney and the judgment became final. Several months later, the State Bar filed a motion for contempt in the 66th District Court, alleging that the attorney had engaged in the practice of law after the judgment became final. The same judge conducted a hearing on the motion, held the attorney in contempt, and committed him to thirty days in jail. The attorney sought habeas corpus relief. The Supreme Court determined that the letter of assignment limited the judge's jurisdiction over the disbarment proceeding such that

it continued only as long as necessary to complete the trial of the case and rule on any motions for new trial. *Id* Because the judge's authority expired thirty days after the entry of the judgment, the orders of contempt and commitment were void. *Id.*

Here, the Administrative Judge assigned Judge Smith to the 41st District Court to preside in cause number 20100D03043, styled *The State of Texas v. [R.A.]*, from the date of the assignment until plenary jurisdiction has expired. The order of assignment also provided that "whenever the assigned judge is present in the county of assignment for a hearing in this cause, the judge is also assigned and empowered to hear at that time any other matters that are presented for hearing in other cases." Because Judge Smith still had plenary jurisdiction in cause number 20100D03043 when he signed both the May 27 and June 10 orders of expunction, this is a not a case where the judge exceeded the temporal limit of the assignment.

 R.A. additionally maintains that Judge Smith's assignment limited him to the criminal case such that he exceeded his authority by presiding over the civil expunction proceeding. The record reflects that R.A. did not file a petition for expunction in a new civil case, but instead filed it in the criminal case pursuant to Article 55.02 § 1 of Code of Criminal Procedure. Under that provision, a defendant who has been acquitted can file a petition for expunction in the trial court which presided over the case in which the defendant was acquitted if the trial court is a district court, or the defendant can file the petition in a district court in the county in which the trial court is located. TEX.CODE CRIM. PROC.ANN. art. 55.02, § 1. The defendant is entitled to an order of expunction within thirty days after the date of acquittal. *Id.* Article 55.02 § 1 is intended to provide a

more expeditious expunction for a defendant who has been acquitted. *Bargas v. State*, 164 S.W.3d 763, 773 (Tex.App.-Corpus Christi 2005, no pet.). Under the order of assignment and the terms of Article 55.02 § 1, Judge Smith had authority to hear and rule on the motion to expunge R.A.'s records. Issue Four is overruled.

## STANDING

■ In Issue Five, R.A. challenges the standing of the District Attorney and El Paso County to contest her right to an expunction and she asks that we disregard the briefs filed by them. Citing *In re Ocegueda*, 304 S.W.3d 576 (Tex.App.-El Paso 2010, pet. denied), R.A. claims that neither the District Attorney nor El Paso County has a personal stake or justiciable interest in the contempt/grievance proceedings which are the basis for Judge Smith's order for temporary retention of the criminal trial records.

■ Standing is a component of subject matter jurisdiction. *Texas Department of Transportation v. City of Sunset Valley*, 146 S.W.3d 637, 646 (Tex.2004); *Acosta v. Tri State Mortgage Company*, 322 S.W.3d 794, 800 (Tex.App.-El Paso 2010, no pet). Thus, it is never waived and can be raised for the first time on appeal. *Id.* Standing is a legal question which we review *de novo. Id.*

It is unnecessary for the District Attorney and El Paso County to demonstrate a personal stake in the contempt and grievance proceedings because the question is one of standing to participate in the expunction proceeding and this appeal. Article 55.02 provides that the State must be given reasonable notice of an expunction proceeding. TEX.CODE CRIM.PROC.ANN. art. 55.02 §§ 1, 2(c). The petition must include a list of all law enforcement agencies, jails or other detention facilities, magistrates, courts, prosecuting attorneys, correctional facilities, central state depositories of criminal records, and other officials or agencies or other entities of this state or of any political subdivision of this state, as well as other entities believed to have records or files subject to expunction. TEX.CODE CRIM.PROC.ANN. art. 55.02 § 2(b)(8). An entity named in the expunction petition as potentially having records subject to the expunction may be represented by the attorney responsible for representing the entity in other matters. TEX.CODE CRIM.PROC. ANN. art. 55.02 § 2(c-1). The statute also authorizes an agency protesting the expunction to appeal the trial court's decision in the same manner as in other civil cases. TEX.CODE CRIM.PROC.ANN. art. 55.02 § 3(a).

In her motion to expunge, R.A. listed the El Paso District Attorney's Office and the El Paso County Attorney's Office as agencies or entities believed by her to have records concerning the criminal case. She also listed several county entities or agencies which the El Paso County Attorney represents. Based upon her own pleadings and the above mentioned statutes, both the District Attorney and the El Paso County Attorney have standing to participate in the expunction proceeding both in the trial court and on appeal. *See Houston Police Department v. Berkowitz*, 95 S.W.3d 457, 459–60 (Tex.App.-Houston [1st Dist.] 2002, pet. denied) (finding that Article 55.02 conferred standing on police department to appeal expunction order). Issue Five is overruled.

## LACK OF JURISDICTION

In her sixth issue, R.A. complains that the May 27 and June 10 orders are void because Judge Smith lacked jurisdiction to enter either order. This is the same argument raised in Issues Two, Three, and Four. For the reasons stated in our review of those issues, we overrule Issue Six.

## DUE PROCESS VIOLATION

 In Issue Seven, R.A. contends that she was not provided with adequate notice of the June 10, 2011 hearing and a meaningful opportunity to be heard in violation of her right to due process. The record reflects that R.A.'s lead attorney in the expunction proceeding, Stuart Leeds, had actual notice but did not appear.

 Rule 33.1 requires a party to preserve the issue presented on appeal by raising a timely and specific objection in the trial court. TEX.R.APP.P. 33.1. Even constitutional errors like due process complaints are waived if not raised first in the trial court. *Alford v. Thornburg,* 113 S.W.3d 575, 581 (Tex.App.-Texarkana 2003, no pet.); *Birdo v. Ament,* 814 S.W.2d 808, 811 (Tex.App.-Waco 1991, writ denied). This preservation requirement applies to a complaint that the appellant did not have adequate notice of a hearing as required by Rules 21 and 21a of the Texas Rules of Civil Procedure. *See Twist v. McAllen National Bank,* 248 S.W.3d 351, 362 (Tex.App.-Corpus Christi 2007, no pet.); *Walker v. Gonzales County Sheriff's Department,* 35 S.W.3d 157, 160 (Tex.App.-Corpus Christi 2000, pet. denied).

The record establishes that Leeds had actual notice of the hearing and that he was at the courthouse until approximately 12:30 p.m., only forty minutes before the hearing. To preserve error, R.A. was required to appear at the hearing, object to going forward, and/or move for a continuance. *See Low v. Henry,* 221 S.W.3d 609, 618 (Tex.2007). Even if she personally had no notice of the hearing, R.A. was still required to preserve the issue by raising it in a post-judgment motion and obtaining an adverse ruling. *See* TEX.R.APP.P. 33.1.

On June 13, 2011, Leeds filed a document titled "NOTICE OF JUDGE SMITH'S BIAS AGAINST THE DEFENSE/NOTICE THAT JUDGE SMITH AND THE STATE HELD AN EX PARTE COMMUNICATION." Leeds acknowledged in this document that he had received notice of the hearing but that it was impossible for him and Caballero to attend the hearing. He did not complain that the notice was inadequate or that it amounted to a due process violation. Nor did he request relief or obtain an adverse ruling. Accordingly, the notice did not preserve error. On July 8, 2011, Leeds filed on behalf of R.A. a motion asking that Judge Paxson strike the May 27 and June 10 orders entered by Judge Smith. She did not raise the lack of notice and due process issues in this motion either, nor did she suffer an adverse ruling. Finding these issues have not been preserved, we overrule Issue Seven.

## MANDATORY DUTY TO RECUSE

 In Issue Eight, R.A. challenges the June 10 order as void because Judge Smith had a mandatory duty to *sua sponte* recuse himself from the expunction proceeding. She asserts that Judge Smith is biased because he held her attorneys in contempt at the conclusion of the criminal trial. R.A. did not file a motion to recuse.

 A judge may be removed from a particular case either because he is constitutionally disqualified,[5] because he is subject to a statutory strike,[6] or because he is recused under rules promulgated by the Texas Supreme Court.[7] *In re Union Pacific Resources Company,* 969 S.W.2d 427, 428 (Tex.1998); *Esquivel v. El Paso*

---

5. TEX. CONST. ART. V, § 11.

6. TEX.GOV'T CODE ANN. § 74.053(d) (West 2013).

7. TEX.R.CIV.P. 18b; TEX.R.APP.P. 18.

*Healthcare Systems,* 225 S.W.3d 83, 87 (Tex.App.-El Paso 2005, no pet.). The grounds and procedures for each type of removal are fundamentally different. *Union Pacific,* 969 S.W.2d at 428; *Esquivel,* 225 S.W.3d at 87. If a judge is constitutionally disqualified or subject to disqualification under Section 74.053(d), any orders or judgment rendered by him are void. *Union Pacific,* 969 S.W.2d at 428; *Esquivel,* 225 S.W.3d at 87. Consequently, a constitutional disqualification may be raised at any stage of the proceedings and cannot be waived. *Union Pacific,* 969 S.W.2d at 428; *Esquivel,* 225 S.W.3d at 87.

 R.A. does not allege that Judge Smith is constitutionally disqualified or subject to disqualification under Section 74.053(d). Rather, she contends that the June 10 order is void because Judge Smith had a mandatory duty to recuse under Tex.R.Civ.P. 18b(b)(1) and (2). The existence of grounds for recusal of a judge does not void or nullify subsequent proceedings before that judge and can be waived if not raised by proper motion. *Esquivel,* 225 S.W.3d at 88, *citing In re Union Pacific Resources,* 969 S.W.2d at 428. Because R.A. did not file a motion to recuse Judge Smith, she waived this issue. Issue Eight is overruled.

## FINALITY OF THE JUNE 10 ORDER

 In her final issue, R.A. maintains that the June 10 order is not a final and appealable order because it does not dispose of all parties and claims in the case. A judgment is final for purposes of appeal if it disposes of all pending parties and claims. *Lehmann v. Har–Con Corporation,* 39 S.W.3d 191, 195 (Tex.2001). A judgment must also be sufficiently definite and certain to define and protect the rights of all litigants, or it must provide a definite means of ascertaining such rights, to the end that ministerial officers can carry the judgment to execution without ascertainment of facts not therein stated. *Hinde v. Hinde,* 701 S.W.2d 637, 639 (Tex.1985). Thus, a judgment cannot condition recovery on uncertain events, or base its validity on what the parties might or might not do post-judgment. *Id.* A judgment which settles all the legal issues and rights between the parties is final and appealable "though further proceedings may be necessary in the execution of it or some incidental or dependent matter may still remain to be settled." *Id., quoting Hargrove v. Insurance Investments Corporation,* 142 Tex. 111, 176 S.W.2d 744, 747 (Tex.1944).

R.A. has not identified any parties or claims left unresolved by the June 10 order. She instead suggests that the June 10 order is not final because: (1) it does not state exactly what ancillary matters fall within its scope; (2) it does not provide that all criminal records and files must be destroyed once the ancillary matters arising out of R.A.'s criminal case are concluded; (3) it is not sufficiently definite and certain because it allows the agencies to retain the expunged records indefinitely; and (4) it does not impose any deadline for the completion of the ancillary matters and destruction of the records.

Article 55.02 expressly permits a trial court to authorize the temporary retention of the expunged records if they are necessary for use in a separate criminal or civil case. Tex.Code Crim.Proc.Ann. art. 55.02 § 4(a)(1), § 4(a)(2)(B). While the June 10 order does not specifically identify each of the ancillary proceedings, the order recites that the ancillary proceedings are based on the conduct of R.A.'s attorneys during the criminal trial. At the time of the hearing, three ancillary proceedings arising out of the criminal case were pending: (1) the contempt proceedings against Leeds and Caballero; (2) disciplinary proceedings against R.A.'s attorneys; and (3) disciplin-

ary proceedings against the prosecutors involved in the criminal case. The June 10 order permitted the records to be used by various entities, including the State of Texas, the 41st District Court, the State Bar Commission on Lawyer Discipline and its Chief Disciplinary Counsel. Thus, the order plainly contemplated that the records would be used during the ongoing contempt proceedings against R.A.'s attorneys and the disciplinary proceedings against her attorneys and the prosecutors.

R.A. also argues the June 10 order is not final because it does not provide that all criminal records and files must be destroyed once the ancillary matters arising out of R.A.'s criminal case are concluded, it permits the agencies to retain the records indefinitely, and it does not provide a deadline for the completion of the ancillary matters. The June 10 order grants R.A.'s request for an expunction and states that destruction of the records would have been immediate but for the conduct of her attorneys during the trial. Consequently, the order provides for the temporary retention of the records until the ancillary proceedings are concluded. The order of expunction does not provide a deadline because no one, including Judge Smith, knew when any of the ancillary proceedings would be concluded. After the ancillary proceedings are resolved, R.A. can file a motion to enforce the expunction order to obtain destruction of the records. *See In re Doe,* 397 S.W.3d 847, 848 (Tex.App.-Fort Worth 2013, no pet.). While the order provides for the temporary retention of the records, we conclude that it is a final order. We overrule Issue Nine and affirm the June 10 order of expunction. It is therefore unnecessary to address the issues raised in State's appeal and cross-appeal.