**Reversed and Rendered in Part; Affirmed in Part and Memorandum Opinion filed July 11, 2019.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-18-00269-CV

---

## TEXAS DEPARTMENT OF PUBLIC SAFETY, Appellant

## V.

## S. A. M., Appellee

---

### On Appeal from the 51st District Court
### Tom Green County, Texas
### Trial Court Cause No. A150480C

---

### MEMORANDUM OPINION

This appeal is brought by the Texas Department of Public Safety (the "Department") complaining of the trial court's order granting S.A.M.'s ("Sam") petition for expunction.[1] We reverse and render in part and affirm in part.

---

[1] This case was transferred to this court from the Third Court of Appeals. We must decide the case in accord with the precedent of the transferor court if our decision otherwise would have been inconsistent with that court's precedent. *See* Tex. R. App. P. 41.3.

## FACTUAL AND PROCEDURAL BACKGROUND

Sam filed a petition to expunge two arrests pursuant to Chapter 55 of the Texas Code of Criminal Procedure. According to Sam's petition, the first arrest occurred on August 29, 1987, for the offense of criminal mischief, a Class A misdemeanor. Sam alleged it was dismissed on April 12, 1988. The second arrest took place on February 12, 1988, for indecent exposure, a misdemeanor. Regarding that arrest, Sam stated he "believes charge was dismissed by the County Attorney of Tom Green County, Texas." Sam stated that he was entitled to expunction of both arrests on the grounds:

> 1. Petitioner has been released from custody on these charges and the charges have not resulted in a final conviction.
>
> Further, Petitioner is not under the supervision of any court pursuant to Article 42.12, Code of Criminal Procedure.
>
> 2. Petitioner has not been convicted of a felony in the five (5) years preceding the date of the arrest.

The Department filed an answer on February 5, 2016, arguing Sam was not entitled to expunction for either arrest.

The trial court conducted a hearing on November 20, 2017. Sam testified that he was arrested on August 29, 1987, for the Class A misdemeanor of criminal mischief and that charge was dismissed in April of 1988. Further, Sam testified that he was arrested on February 12, 1988, for indecent exposure, a misdemeanor. According to Sam:

- he never went to court on that case;

- he did not plead guilty to that offense;

- it was his belief that it was dismissed by the County Attorney of Tom Green County;

2

- the Tom Green County Attorney had "signed off" on a proposed order of expunction; and

- he had never been convicted of a felony.

The evidence in the record before this court reflects a complaint was filed alleging that on or about March 20, 1987, Sam intentionally and knowingly caused bodily injury to T.H. by hitting T.H.'s face with Sam's fist. The "Assault, Class A" was assigned trial court cause number 75728. Capias issued September 8, 1987, was returned September 24, 1987, and bond was set at $500.

On April 12, 1988, Sam entered a plea of "guilty or no contest" to that offense and an order of deferred adjudication and probation for a period of twelve months was entered. The "Probation Personal Data Form " signed by Sam that same day has two cause numbers—75728 and 75729. A form for "Recommendations to County Court-at-Law Judge" also reflects two offenses—assault class A and criminal mischief class A—and two cause numbers—75728 and 75729—and probation for twelve months, deferred, on a plea of "no contest." A motion to dismiss trial court cause number 75729 was granted the same day—April 12, 1988.

On April 10, 1989, a motion to revoke misdemeanor probation in trial court cause number 75728 was filed. The motion states that on April 12, 1988, Sam was placed on deferred adjudication probation for one year for the offense of assault, class A. On April 11, 1989, an order for Sam's arrest in trial court cause number 75728 was entered. Capias issued April 14, 1989. On April 5, 1995, the motion to revoke was dismissed on the grounds the period of probation had expired.

The trial court's order concluded Sam was entitled to expunction and ordered all records expunged concerning:

- "the arrest for a Class A Misdemeanor for Criminal Mischief on August 29, 1987 which was dismissed by the County Attorney on April 12, 1988;" and

- "[T]he charge of Indecent Exposure on February 12, 1988 which Petitioner believes was dismissed by the County Attorney."

From that order, the Department perfected this restricted appeal. *See* Tex. R. App. P. 26.1, 30.[2]

## RESTRICTED APPEAL

To prevail on a restricted appeal, the Department must establish: (1) within six months after judgment was signed, it filed notice of the restricted appeal; (2) it was a party to the underlying lawsuit; (3) it did not participate in the hearing that resulted in the complained-of order nor did it timely file any post-judgment motions or requests for findings of fact and conclusions of law; and (4) error is apparent on the face of the record. Tex. R. App. P. 30; *Alexander v. Lynda's Boutique*, 134 S.W.3d 845, 848 (Tex. 2004).

### *Standard of Review for a Restricted Appeal*

Our review of a restricted appeal is limited to the face of the record, which consists of all the papers that were before the trial court at the time it entered its order. *See Bahar v. Lyon Fin. Servs., Inc.*, 330 S.W.3d 379, 384 (Tex. App.—Austin 2010, pet. denied). The requirement that error be apparent on the face of the record means that "error that is merely inferred [from the record] will not suffice." *Ginn v. Forrester*, 282 S.W.3d 430, 431 (Tex. 2009) (per curiam). Within this limitation, our scope of review is otherwise the same as in an ordinary appeal. *See Texas Dep't of*

---

[2] Sam has not filed a brief in this appeal.

4

*Pub. Safety v. J.W.D.,* No. 03-14-00101-CV, 2014 WL 7464229, at *2 (Tex. App.—Austin Dec. 31, 2014, pet. denied) (mem. op.).

### The First Three Elements

As to the first element, the record reflects that the trial court signed the order of expunction on November 20, 2017, and the Department filed its notice of appeal on March 7, 2018. Thus, the Department filed its notice of appeal in this case within the six-month deadline. *See* Tex. R. App. P. 30; *Alexander*, 134 S.W.3d at 848.

Regarding the second element, Sam's ex parte petition named the Department as a state agency with records subject to expunction. *See* Tex. Code Crim. Proc. art. 55.02, §§ 2(a) (providing that a person entitled to expunction under article 55.01(a)(2) may file an ex parte petition), 2(b)(8) (requiring an expunction petition to include the addresses of "law enforcement agencies" or "central state depositories of criminal records" that the petitioner believes might have records subject to expunction). The Department—and all agencies with records subject to expunction—have the right to be represented by counsel at the expunction hearing. *See id*. art. 55.02, § 2(c–1). Also, an agency subject to an expunction order may appeal the court's judgment "in the same manner as in other civil cases." *Id*. art. 55.02, § 3(a). Accordingly, the Department is a party within the meaning of the second requirement for a restricted appeal. *See Travis Cty. Attorney v. L.C.*, No. 03-13-00702-CV, 2015 WL 2376060, at *2 (Tex. App.—Austin May 12, 2015, no pet.) (mem. op.).

The third element is whether the Department participated "in the decision-making event" which resulted in the order. *See Texaco, Inc. v. Cent. Power & Light Co.*, 925 S.W.2d 586, 589 (Tex. 1996). We liberally construe this requirement in favor of the right to appeal. *Pike–Grant v. Grant*, 447 S.W.3d 884, 886 (Tex. 2014) (per curiam). We conclude the Department meets this requirement because even

though it filed an answer in response to Sam's petition, it did not participate in the hearing on his petition that resulted in the expunction order. *See J.W.D.*, 2014 WL at *1 (holding the Department met the nonparticipation requirement when it filed an answer asserting an affirmative defense but did not participate in person or through counsel in the expunction hearing).

Having concluded the Department meets the first three requirements, we turn to the fourth.

*Is Error Apparent on the Face of the Record?*

We review a trial court's ruling on a petition for expunction for an abuse of discretion. *Texas Dep't of Pub. Safety v. G.B.E.,* 459 S.W.3d 622, 624 (Tex. App.—Austin 2014, pet. denied). Because this is a restricted appeal, our review is limited to determining whether an abuse of discretion is apparent on the face of the record. *See Alexander*, 134 S.W.3d at 848. A trial court abuses its discretion when it renders a decision that is (1) arbitrary, unreasonable, or without reference to guiding rules or principles, or (2) without supporting evidence. *G.B.E.*, 459 S.W.3d at 624.

The remedy of expunction permits a person who has been arrested for the commission of a criminal offense and released, and who meets certain other conditions, to have all records and files relating to that arrest removed from the government's records. *G.B.E.*, 459 S.W.3d at 625. Although the statute is codified in the Texas Code of Criminal Procedure, an expunction proceeding is civil in nature. *Travis Cty. Dist. Atty. v. M.M.,* 354 S.W.3d 920, 923 (Tex. App.—Austin 2011, no pet.). As in other civil proceedings, it is the petitioner's burden to show that all the statutory conditions have been met. *Id*. And because expunction is not a right but a statutory privilege, each of the statutory conditions for expunction is mandatory and exclusive. *T.L.B., Jr. v. Texas Dep't of Pub. Safety,* No. 03-10-00196-CV, 2011 WL 182889, at *2 (Tex. App.—Austin Jan. 20, 2011, no pet.). It is an abuse of discretion

for the trial court to order expunction when the statutory conditions have not been met because the court "has no power to extend equitable relief beyond the clear meaning of the expunction statute." *G.B.E.*, 459 S.W.3d at 625.

To prove he was entitled to expunction, Sam was required to demonstrate the arrests satisfied the following conditions:

(a) A person who has been placed under a custodial or noncustodial arrest for commission of either a felony or misdemeanor is entitled to have all records and files relating to the arrest expunged if:

. . .

(2) the person has been released and the charge, if any, has not resulted in a final conviction and is no longer pending and there was no court-ordered community supervision under Article 42.12 for the offense, unless the offense is a Class C misdemeanor, provided that:

. . .

(b) at least one year has elapsed from the date of arrest if the arrest for which the expunction was sought was for an offense punishable as a Class B or Class A misdemeanor and if there was no felony charge arising out of the same transaction for which the person was arrested.

*See* Tex. Code Crim. Proc. art. 55.01(a)(2)(i)(b).[3]

We first consider the arrest for criminal mischief. The evidence in the record, as described above, demonstrates the charge of criminal mischief was dismissed and there was no court-ordered community supervision for that offense. The Department

---

[3] Although Sam did not identify which portion of the statute applied to his case, he did not plead that he was acquitted or convicted and subsequently pardoned, and offered no evidence to that effect. *See* Tex. Code Crim. Proc. art. 55.01(a)(1). Likewise, Sam did not allege that he was arrested and prosecution for the offense is no longer possible because the limitations period has expired. *See id.* art. 55.01(a)(2)(B). Accordingly, we proceed under article 55.01(a)(2)(A).

Because the arrest for which expunction was sought were Class A misdemeanors, Tex. subsections (a)(2)(A)(i)(a) and (a)(2)(A)(i)(c) are inapplicable to the case at bar. Further, there is nothing in the record to support an application of subsections (a)(2)(A)(i)(d) or (a)(2)(A)(ii).

does not argue otherwise. Rather, the Department contends because Sam is not entitled to expunction of the arrest for assault, he was not entitled to expunction of the arrest for criminal mischief.[4] This argument is based upon case law interpreting article 55.01(a) to be "arrest-based," rather than "charge-based" or "offense-based."

Under an arrest-based interpretation of article 55.01, individual charges arising from a multi-charge arrest cannot be expunged, and expunction is proper only when all charges arising from the arrest meet the requirements of article 55.01. *See G.B.E.*, 459 S.W.3d at 627. Recently, the Supreme Court of Texas rejected an arrest-based interpretation of subsection (a)(1) when the charges are unrelated. *State v. T.S.N.*, 547 S.W.3d 617, 623 (Tex. 2018). The Court held that article 55.01 is neither entirely arrest-based or charge-based and expressly declined to opine whether the expunction scheme under subsection (a)(2) was arrest-based. *Id*. This court has applied *T.S.N.* to subsection (a)(2) and rejected the arrest-based interpretation when the charges are unrelated. *Compare Ex parte N.B.J.*, 552 S.W.3d 376, 384 (Tex. App.—Houston [14th Dist.] 2018, no pet.) (applying *T.S.N.*, 547 S.W.3d 617, to Tex. Code Crim. Proc. art. (a)(2)) with *Ex parte Brown*, No. 14-17-00695-CV, 2018 WL 3977174, *2 n.4 (Tex. App.—Houston [14th Dist.] Aug. 21, 2018, no pet.) (not applying *T.S.N.* or *N.B.J.* to related offenses). However, we have found no post-*T.S.N.* authority from the Austin Court of Appeals applying the arrest-based approach to subsection (a)(2). Regardless, we need not decide that question because even under the arrest-based interpretation, there is no error apparent on the face of the record.

---

[4] As set forth above, the record shows the September 1987 arrest resulted in court-ordered community supervision for the offense of assault. Clearly, Sam is not entitled to, nor did he request, expunction of the records and files relating to his arrest for assault. *See* Tex. Code Crim. Proc. art. 55.01(a)(2).

There is no evidence in the record regarding the charge of criminal mischief other than that set forth above, reflecting the charge was dismissed and did not result in court-ordered community supervision. Sam's testimony at the hearing was that he was arrested for the offense of criminal mischief on August 29, 1987, nearly a month before the arrest for assault. Because the record does not show the charge of criminal mischief arose from a multi-charge arrest or the same criminal episode, even under the arrest-based interpretation of article 55.01 the Department has not demonstrated the trial court erred. *See G.B.E.,* 459 S.W.3d at 629. Accordingly, we must conclude the Department has not shown error apparent on the face of the record regarding the trial court's decision to grant Sam's petition for expunction of the arrest on August 29, 1987, for criminal mischief.

We now turn to the arrest for indecent exposure. Sam claimed a charge of indecent exposure arising from an arrest on February 12, 1988, was dismissed. The record before this court contains no evidence that the charge did not result in a final conviction, is no longer pending, or there was no court-ordered community supervision for that offense. Sam's testimony at the hearing did not address these statutory conditions. Because Sam did not meet his burden, we conclude the trial abused its discretion by granting Sam's petition for expunction relating to the arrest for indecent exposure on February 12, 1988.

CONCLUSION

We reverse the trial court's order and render judgment denying the petition for expunction as to the February 12, 1988, arrest.[5] We affirm the trial court's order granting the petition for expunction as to the August 29, 1987, arrest.

---

[5] We note that the Texas Supreme Court's holding in *Ex parte Elliot* provides that the relief afforded by our judgment applies equally to all law enforcement agencies named in the expunction order whether or not they participated in this appeal. 815 S.W.2d 251, 251–52 (Tex. 1991) (per curiam) (holding that the reversal of an expunction order applies to all law enforcement agencies

9



/s/　Margaret "Meg" Poissant
　　　Justice

Panel consists of Justices Christopher, Hassan, and Poissant.

---

named in it even if those agencies did not appeal) *G.B.E.*, 459 S.W.3d at 631 (same).

10