**Opinion filed July 21, 2022**



In The

# Eleventh Court of Appeals

_____

## No. 11-20-00175-CV

_____

## EX PARTE T.M.S.

**On Appeal from the 104th District Court**

**Taylor County, Texas**

**Trial Court Cause No. 21615-B**

### O P I N I O N

This is a restricted appeal from the trial court's order to expunge T.M.S.'s criminal record after an acquittal. In a single issue, the Texas Department of Public Safety (DPS) asserts that the trial court erred by expunging T.M.S.'s criminal record arising from a 2018 arrest for burglary of a vehicle because the offense for which he was acquitted arose from the same criminal episode as two prior offenses for which he was convicted. We reverse the order expunging T.M.S.'s criminal record and render judgment in favor of DPS and all other respondents to the expunction proceeding.

*Background*

On November 8, 2018, T.M.S. was indicted for burglary of a vehicle with two prior convictions, a state jail felony. *See* TEX. PENAL CODE ANN. § 30.04(d)(2)(A) (West 2019). The State alleged in the indictment that T.M.S. had two prior convictions for burglary of a vehicle. The first alleged conviction occurred in 1987, and the second alleged conviction occurred in 2002. As noted in *Reed v. State*, "[t]he two-prior-conviction provision in section 30.04(d)(2)(A) is jurisdictional because the prior convictions are necessary to establish a felony to give the district court jurisdiction." No. 14-18-00748-CR, 2020 WL 2070732, at *2 (Tex. App.—Houston [14th Dist.] Apr. 30, 2020, pet. ref'd) (mem. op., not designated for publication) (citing *Oliva v. State*, 548 S.W.3d 518, 528 (Tex. Crim. App. 2018)).

The criminal case proceeded to a jury trial in January 2020. As set out below, the evidence during the guilt/innocence phase included evidence of the two prior convictions alleged by the State. After hearing all the evidence, the jury acquitted T.M.S. of the charged offense.

Following his acquittal, on February 18, 2020, T.M.S. filed a petition to expunge all records related to his 2018 arrest—citing Article 55.01(a)(2)(A) of the Texas Code of Criminal Procedure. He included DPS as a respondent to the expunction proceeding. On February 21, 2020, the trial court granted T.M.S.'s petition and ordered that his 2018 record be expunged. On August 7, 2020, DPS filed its notice of restricted appeal.

*Analysis*

In a single issue, DPS asserts that T.M.S. was not entitled to an expunction because of his prior convictions for burglary of a vehicle. Because this is a restricted appeal, DPS must prove the following:

(1) [it] filed notice of the restricted appeal within six months after the judgment was signed;

(2) [it] was a party to the underlying lawsuit;

(3) [it] did not participate in the hearing that resulted in the judgment complained of, and did not timely file any post-judgment motions or requests for findings of fact and conclusions of law; and

(4) error is apparent on the face of the record.

*Ex parte E.H.*, 602 S.W.3d 486, 495 (Tex. 2020) (citing *Pike-Grant v. Grant*, 447 S.W.3d 884, 886 (Tex. 2014)); *see also* TEX. R. APP. P. 30.  To obtain relief under a restricted appeal, a party must meet each of the above requirements—the first three of which are jurisdictional.  *E.H.*, 602 S.W.3d at 497.  Our review of a restricted appeal is limited to the face of the record; we are prohibited from considering extrinsic evidence.  *Alexander v. Lynda's Boutique*, 134 S.W.3d 845, 848–49 (Tex. 2004).  The "face of the record" consists of all the evidence before the trial court when it entered its judgment.  *Id.*  In reviewing the face of the record, we may not draw any inferences or make any presumptions.  *Id.* at 849.  Here, the record on appeal consists of a clerk's record, which contains filings from both the criminal proceeding and the expunction, and a reporter's record from the criminal trial.

The trial court signed its order for expunction on February 21, 2020.  DPS filed its notice of restricted appeal on August 7, 2020, thereby satisfying the first requirement.  DPS was a party to the suit.  *See Tex. Dep't of Pub. Safety v. Katopodis*, 886 S.W.2d 455, 458 (Tex. App.—Houston [1st Dist.] 1994, no writ) (noting that each law enforcement agency is entitled to represent itself); *see also* TEX. CODE CRIM. PROC. ANN. art. 55.02, § (3)(a) (West Supp. 2021) ("The person who is the subject of the expunction order or an agency protesting the expunction may appeal the court's decision in the same manner as in other civil cases.").  However, DPS did not file a response to T.M.S.'s petition for expunction and it appears that

DPS's first notice of the proceeding was a notice from the trial court clerk that an order of expunction had been entered. Therefore, DPS was a nonparticipating party to this suit, thereby satisfying the second and third requirements.

This appeal primarily concerns whether there is error on the face of the record. DPS asserts that the trial court's implicit[1] interpretation and application of "criminal episode" as used in Article 55.01(c) of the Texas Code of Criminal Procedure "is in conflict with its text, structure, and purpose, as well as prior holdings of other Texas courts." Thus, for us to determine if there is error on the face of the record, we must interpret the intended meaning of the term "criminal episode."

"[T]here is no constitutional right to [an] expunction." *Ex parte K.T.*, 645 S.W.3d 198, 201–02 (Tex. 2022) (citing *Ex parte R.P.G.P.*, 623 S.W.3d 313, 316 (Tex. 2021); *In re State Bar of Tex.*, 440 S.W.3d 621, 624 (Tex. 2014) (orig. proceeding)). Instead, it is governed by Article 55.01 of the Texas Code of Criminal Procedure. *Ex parte R.P.G.P.*, 623 S.W.3d at 316.

The meaning of a statute is a question of law reviewed de novo. *Id.* at 317. This case presents a question of statutory construction. Specifically, this case turns on the construction of the term "criminal episode" under Article 55.01(c) of the Texas Code of Criminal Procedure and Section 3.01 of the Texas Penal Code. "Statutes are to be analyzed 'as a cohesive, contextual whole' with the goal of effectuating the Legislature's intent and employing the presumption that the Legislature intended a just and reasonable result." *T.S.N.*, 547 S.W.3d at 620. Generally, "[u]nless the context or the statute instructs otherwise, our analysis begins with the plain language of the statute read in context, not in isolation." *Ex parte*

---

[1]We note that T.M.S.'s petition for expunction did not specifically reference the exception listed in Article 55.01(c) or its requirements. Additionally, we do not have a reporter's record from the proceeding wherein the trial court granted Appellant's petition for expunction.

*R.P.G.P.*, 623 S.W.3d at 317 (citing *Ross v. St. Luke's Episcopal Hosp.*, 462 S.W.3d 496, 501 (Tex. 2015)).

In relevant portion, Article 55.01 of the Texas Code of Criminal Procedure provides that:

> (a) A person who has been placed under a custodial or noncustodial arrest for commission of either a felony or misdemeanor is entitled to have all records and files relating to the arrest expunged if:
>
> > (1) The person is tried for the offense for which the person was arrested and is:
> >
> > > (A) acquitted by the trial court, except as provided by Subsection (c);
>
> . . . .
>
> (c) A court may not order the expunction of records and files relating to an arrest for an offense for which a person is subsequently acquitted, whether by the trial court, a court of appeals, or the court of criminal appeals, if the offense for which the person was acquitted arose out of a criminal episode, as defined by Section 3.01, Penal Code, and the person was convicted of or remains subject to prosecution for at least one other offense occurring during the criminal episode.

CRIM. PROC. art. 55.01(a)–(c). This rule generally provides that a person is entitled to an expunction of an arrest record if they are later acquitted. *See id.* However, this general entitlement is limited to the exceptions found in subsection (c). *Id.*

Article 55.01(c) references Section 3.01 of the Texas Penal Code for the definition of criminal episode. Section 3.01 defines "criminal episode" as follows:

> In this chapter, "criminal episode" means the commission of two or more offenses, regardless of whether the harm is directed toward or inflicted upon more than one person or item of property, under the following circumstances:

> (1) the offenses are committed pursuant to the same transaction or pursuant to two or more transactions that are connected or constitute a common scheme or plan; or

> (2) the offenses are the repeated commission of the same or similar offenses.

TEX. PENAL CODE ANN. § 3.01 (West 2021). To invoke the Article 55.01(c) exception, and deny access to an expunction, the State must "establish that a 'criminal episode' has in fact been formed." *Ex parte K.T.*, 645 S.W.3d at 202. Additionally, "the State must show that the acquittal at issue 'arose out of' that 'criminal episode.'" *Id.*

"[A] 'criminal episode' cannot exist without at least two qualifying 'offenses.'" *Id*. The question before us is whether two prior convictions, one in 1987 and one in 2002, may be considered as "the repeated commission of the same or similar offenses" for expunction purposes because of their age. *See* CRIM. PROC. art 55.01(c); *see also* PENAL § 3.01(2). We conclude that they can.

Our primary goal when interpreting statutes is to ensure that the legislature's intent is given effect. TEX. GOV'T CODE ANN. §312.005 (West 2013); *F.F.P. Operating Partners, L.P. v. Duenez*, 237 S.W.3d 680, 683 (Tex. 2007) (op. on reh'g). In determining the legislature's intent, we begin with the language of the statute. *State v. Shumake*, 199 S.W.3d 279, 284 (Tex. 2006). "We operate under the presumption that the legislature chooses a statute's language with care, deciding to omit or include words purposefully." *In re Expunction of J.B.*, 564 S.W.3d 436, 440 (Tex. App.—El Paso 2016, no pet.) (citing *In the Interest of M.N.*, 262 S.W.3d 799, 802 (Tex. 2008)).

Here, T.M.S. was arrested for and acquitted of burglary of a vehicle—which is an offense under Section 30.04 of the Texas Penal Code. The indictment alleged, and at trial the State showed, that T.M.S. had been convicted of burglary of a vehicle

on two prior occasions. In this regard, the State called Dianna Arndt, a forensic specialist with the Abilene Police Department, to provide testimony about the fingerprint analysis she performed between T.M.S.'s known fingerprint sample and the fingerprints on the two prior convictions for the same offense. She testified that T.M.S.'s fingerprints matched those on the two prior convictions.

T.M.S. was first convicted of burglary of a vehicle in 1987. He was convicted again of that same offense in 2002. In his brief, T.M.S. contends that applying Section 3.01(2) of the Texas Penal Code to his prior convictions would lead to an "absurd, unjust, or nonsensical result." T.M.S. bases this contention on the fact that his prior convictions occurred thirty-one years and sixteen years, respectively, before his arrest for burglary of a vehicle in 2018.

We are unpersuaded by T.M.S.'s argument as to how Section 3.01(2) should be interpreted. Section 3.01(2) does not contain any temporal limitation within its definition of a criminal episode. *See* PENAL § 3.01(2). Therefore, we must presume that the legislature intentionally decided to not include such a limitation for "the repeated commission of the same or similar offenses." Accordingly, regardless of the dates of T.M.S.'s prior convictions, they may serve as a basis for forming a criminal episode that precludes expunction.

Our construction of the statute is consistent with the holdings of many of our sister courts. *See State v. D.D.M.*, No. 14-20-00426-CV, 2022 WL 906002, at *4 (Tex. App.—Houston [14th Dist.] Mar. 29, 2022, no pet.) ("Nor has the legislature mandated in subsection 3.01(2) that 'repeated' commission of the same or similar offenses . . . be close in temporal or geographic proximity . . . . Accordingly, we conclude that article 55.01(c)'s exception is established as a matter of law."); *Ex parte M.B.F.*, 642 S.W.3d 928, 931 (Tex. App.—Waco 2022, no pet.) ("Had the Legislature wanted us to consider a time differential in the application of this section

of the code, it could have easily done so." (quoting *Guidry v. State*, 909 S.W.2d 584, 585 (Tex. App.—Corpus Christi–Edinburg 1995, pet. ref'd))); *Matter of T.D.N.*, 620 S.W.3d 433, 439 (Tex. App.—El Paso 2020, no pet.) ("[T]he legislature has imposed no requirement in Section 3.01(2) that the two 'repeated' offenses must . . . be close in temporal . . . proximity . . . . For that reason, we reject T.D.N.'s argument that the 2015 and 2002 offenses did not arise from the same criminal episode just because they . . . occurred several years apart."); *In re M.T.R.*, 606 S.W.3d 288, 292 (Tex. App.—Houston [1st Dist.] 2020, no pet.) ("As our sister court has observed in addressing this same argument by DPS, 'Section 3.01(2) does not impose a particular time frame within which the same or similar offenses must be repeated.'" (quoting *Ex parte J.A.B.*, 592 S.W.3d 165, 169 (Tex. App.—San Antonio 2019, no pet.))).

T.M.S. contends that "DPS['s] evidence is insufficient in demonstrating that the finders of fact in the trial court found that [T.M.S.] in this appeal was the same person who was convicted [in] 1987 and/or 2002." T.M.S. essentially contends that the jury's acquittal in the criminal case can possibly be viewed as a failure of proof of the two prior convictions alleged for jurisdictional purposes. We disagree with T.M.S.'s analysis. We first note that T.M.S.'s argument requires one to speculate on the jury's thought processes—a task that appellate courts are not well-suited to perform. *See Springs Window Fashions Div., Inc. v. Blind Maker, Inc.*, 184 S.W.3d 840, 867 (Tex. App.—Austin 2006, pet. granted, judgm't vacated w.r.m.). Furthermore, the criminal proceeding was based on a higher standard of proof— beyond a reasonable doubt. *See Jackson v. Virginia*, 443 U.S. 307, 319 (1979). Moreover, the jury declined to convict T.M.S. of the lesser included offense of misdemeanor burglary of a vehicle—an offense that did not include the two prior convictions for the same offense. *See* PENAL § 30.04(d).

8

From the face of the record, there is evidence that T.M.S. was the same individual that was convicted in 1987 and 2002 of burglary of a vehicle. Arndt, the forensic specialist, testified that she had completed advanced fingerprint comparison courses. The State's ninth exhibit was a "10-print card" of T.M.S.'s fingerprints that Arndt took on January 22, 2020. The State's tenth exhibit was the judgment and sentence for the 2002 burglary-of-a-vehicle conviction. It also contains an ink print of T.M.S.'s right thumb and a signature from T.M.S. The State's eleventh exhibit is a "pen packet" for the 1987 burglary-of-a-vehicle conviction that includes an affidavit, a photograph of T.M.S., the judgment of conviction, and a "10-print card." During T.M.S.'s trial, Arndt testified that the fingerprints included within Exhibit Nos. Ten and Eleven matched those in Exhibit No. Nine. Thus, from the face of the record, there is ample evidence that T.M.S. is the same person that was convicted in 1987 and 2002 for burglary of a vehicle.

Under the plain language of Section 3.01(2), there is a clear error on the face of the record. T.M.S.'s two prior convictions for burglary of a vehicle precluded the expunction of T.M.S.'s third arrest for burglary of vehicle irrespective of his acquittal for that offense. Accordingly, the trial court abused its discretion by entering its order of expunction. We sustain DPS's sole issue on appeal.

As noted by DPS, the Texas Supreme Court's holding in *Ex parte Elliot* provides that the relief afforded by our judgment applies equally to all law enforcement agencies named in the expunction order whether or not they participated in this appeal. 815 S.W.2d 251, 251–52 (Tex. 1991) (per curiam) (holding that the reversal of an expunction order applies to all law enforcement agencies named in it even if those agencies did not appeal). Pursuant to DPS's prayer for relief, we order that any documents relating to T.M.S.'s 2018 arrest that were surrendered to the trial court or T.M.S. be returned to the submitting agencies.

*See id.* at 252; *Ex parte M.A.S.*, No. 13-19-00516-CV, 2021 WL 2694785, at *5 (Tex. App.—Corpus Christi–Edinburg July 1, 2021, no pet.) (mem. op.).

## *This Court's Ruling*

We reverse the trial court's expunction order and render judgment denying T.M.S.'s petition for expunction. Any documents that relate to T.M.S.'s 2018 arrest and were surrendered to the trial court or T.M.S. are ordered to be returned to the submitting agencies.

JOHN M. BAILEY
CHIEF JUSTICE

July 21, 2022

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.