

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| IN RE: RODNEY JOHN RAMIREZ, | § | No. 08-15-00270-CV |
| | § | ORIGINAL PROCEEDING |
| Relator. | § | ON PETITION FOR WRIT OF |
| | § | MANDAMUS |

## MEMORANDUM OPINION

Relator, Rodney Ramirez, a Texas inmate, has filed a petition for writ of mandamus against the Honorable Mike Herrera, Judge of the 383rd District Court of El Paso County, Texas, alleging that Respondent has not ruled on Relator's motion for entry of default judgment or his motion to be bench warranted or appear by alternative means in response to Respondent's notice of intent to dismiss filed in cause number 2004CM4551. We conditionally grant mandamus relief.

## FACTUAL SUMMARY

In 2004, Relator filed a petition for divorce from the real party in interest, Gloria Leticia Ramirez (cause number 2004CM4551). He also filed a motion for bench warrant to the final hearing, and alternatively, he sought to attend the hearing by conference call or to present evidence by affidavit. The trial court dismissed the divorce in 2009 without ruling on Relator's request to attend the hearing in person or by alternative means. Relator appealed, and the Court issued an opinion and judgment reversing the dismissal. *See Ramirez v. Ramirez*, No. 08-09-

00252-CV, 2010 WL 3419254 (Tex.App.--El Paso August 31, 2010, no pet.) (mem. op., not designated for publication). The Court found that the trial court had abused its discretion by dismissing the case without acting on Relator's request to attend the hearing either in person or by other means. *See Id.*, at *2. The mandate issued on December 10, 2010.

The trial court's docket sheet indicates that the court thereafter issued a notice of intent to dismiss the case on February 24, 2011, and Relator responded by filing a motion for a bench warrant to appear at the dismissal hearing. The trial court set the case for a dismissal hearing on September 2, 2011, but the docket sheet does not reflect that the court ever entered a dismissal order. Relator filed a notice of appeal on September 9, 2011, and the appeal was docketed as cause number 08-11-00267-CV. On November 8, 2011, the trial court clerk submitted an affidavit stating that the underlying divorce action was still pending and no final judgment or appealable order had been entered. Based on this information, the Court dismissed the appeal for lack of jurisdiction on December 7, 2011. *See Ramirez v. Ramirez*, No. 08-11-00267-CV, 2011 WL 6209237 (Tex.App.--El Paso December 7, 2011, no pet.) (mem. op., not designated for publication). The mandate issued on March 6, 2012.

The docket sheet reflects that the trial court has not taken any action on the divorce petition or Relator's "motion for entry of default judgment." To the contrary, a search of the official record of the case reflects that cause number 2004CM4551 has been closed since March 9, 2012, even though the court has not entered any dismissal order or final judgment. The entry on the docket sheet under "DISPOSITIONS" simply states "Mandate (Judicial Officer: Herrera, Mike)."[1]

---

[1] An appellate court has the discretion to take judicial notice of adjudicative facts that are matters of public record on its own motion. *See* TEX.R.EVID. 201(b), (c), (f); *see Office of Public Utility Counsel v. Public Utility Comm'n of Texas*, 878 S.W.2d 598, 600 (Tex. 1994); *In re Estate of Hemsley*, 460 S.W.3d 629, 638 (Tex.App.--El Paso 2014, pet. denied). Generally, appellate courts take judicial notice of facts outside the record only to determine

**FAILURE TO RULE ON PENDING MOTIONS**

The sole issue presented in this mandamus proceeding is whether the trial court has failed to rule on Relator's motions for entry of a default judgment and to attend the hearing by bench warrant or alternative means. To be entitled to mandamus relief, a relator must meet two requirements. First, the relator must show that the trial court clearly abused its discretion. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135 (Tex. 2004). Second, the relator must demonstrate that there is no adequate remedy by appeal. *Id*. at 135-36. Mandamus may issue to compel a trial court to rule on a motion which has been pending before the court for a reasonable period of time. *See In re Shredder Co*., 225 S.W.3d 676, 679 (Tex.App.--El Paso 2006, orig. proceeding); *In re Hearn*, 137 S.W.3d 681, 685 (Tex.App.--San Antonio 2004, orig. proceeding); *In re Chavez*, 62 S.W.3d 225, 228 (Tex.App.--Amarillo 2001, orig. proceeding). To obtain mandamus relief for such refusal, a relator must establish: (1) the motion was properly filed and has been pending for a reasonable time; (2) the relator requested a ruling on the motion; and (3) the trial court refused to rule. *See Shredder Co*., 225 S.W.3d at 679; *Hearn*, 137 S.W.3d at 685; *Chavez*, 62 S.W.3d at 228.

The docket sheet and the Court's opinion in cause number 08-09-00252-CV establish that Relator filed his motions and brought them to the attention of the trial court. Despite this Court's reversal of the dismissal order, the trial court has not ruled on the pending motion for entry of default judgment or on Relator's motions to appear by bench warrant or by other alternative means. Those motions have been pending since the mandate issued in cause number 08-09-

jurisdiction or to resolve matters ancillary to decisions which are mandated by law. *Hemsley*, 460 S.W.3d at 638; *In re R.A*., 417 S.W.3d 569, 576 (Tex.App.--El Paso 2013, no pet.); *SEI Business Sys., Inc. v. Bank One Texas, N.A*., 803 S.W.2d 838, 841 (Tex.App.--Dallas 1991, no writ); *see Freedom Comm'ns, Inc. v. Coronado*, 372 S.W.3d 621, 624 (Tex. 2012) (court determined it was appropriate to take judicial notice of facts in a plea agreement because they were relevant to determination whether trial court had jurisdiction). Appellate courts are reluctant to take judicial notice of matters which go to the merits of a dispute. *Hemsley*, 460 S.W.3d at 639; *In re R.A*., 417 S.W.3d at 576; *SEI Business Sys*., 803 S.W.2d at 841. It is appropriate to take judicial notice of the official record to determine the current status of the underlying case.

00252-CV on December 10, 2010. The official record reflects that the trial court, perhaps inadvertently, closed the case based upon the mandate issued in connection with the second appeal, 08-11-00267-CV; that mandate, however, did not finally dispose of the divorce action. Under these unusual circumstances, Relator has carried his burden of showing that he is entitled to mandamus relief. We sustain Relator's sole issue and conditionally grant mandamus relief. The 383rd District Court is directed to act on Relator's pending motions. The writ of mandamus will issue only if the trial court fails to act in accordance with this decision.

STEVEN L. HUGHES, Justice

November 5, 2015

Before McClure, C.J., Rodriguez, and Hughes, JJ.